BENJAMIN H. HILL, plaintiff in error, *vs.* JOSEPH W. CLARK *et al.*, administrators, defendants in error.

It is a good ground for continuance in the superior court, that the attorney who is the party to the case and the sole counsel, is at the time it is called for trial, engaged as counsel in the argument of an important case in the supreme court, the conflict in the hearing of the two cases being caused by an adjournment of the regular term of this court.

Continuance. Attorney. Absence of counsel. Before Judge RICE. Clarke Superior Court. August Term, 1873.

The defendants in error brought suit against the plaintiff in error on a promissory note for $2,098 88, returnable to February term, 1870, of Clarke superior court. At the appearance term the defendant filed a plea to the merits of the action, and thus the parties were at issue.

Before the case was reached the defendant, in his character as defendant and as attorney representing the defense, applied in open court for leave of absence from the court, stating in his place the following facts as the ground for such application: That in consequence of the postponement of the July term of the supreme court for 1873, for one month, certain important cases represented by said attorney in said court, would render it impossible for him to be present in Clarke su-

perior court, when his cases in said court, including this case, would be called in order ; that the supreme court had no discretion to grant leave of absence, or to continue a cause, except for providential cause, and as the conflict of the two courts, and of the business of the applicant in the two courts, was brought about without his fault, and by causes over which he had no control, he asked for leave to be absent from Clarke superior court so long only as he would necessarily be in attendance on the supreme court, and especially as the conflict was brought about recently, and when it was too late to make arrangements to have the business in the two courts otherwise represented.   The court below refused to grant the leave of absence on the ground that it had no such authority.

When the case was called for trial, the defendant, through counsel employed for that purpose, announced he was not ready, and moved the court for a continuance on the grounds before stated, and which were admitted as made for the purposes of a continuance, and also on the ground that defendant was sole counsel for the defense as well as defendant, and was unavoidably absent for the reasons above set forth, and that the case could not be safely tried without him.

The court overruled the motion for continuance, and defendant excepted to both the rulings of the court in refusing leave of absence, and also in refusing the continuance.

The plaintiffs went to the jury, exhibited the note sued on, and took a verdict.   The defendant assigns error upon each of the above grounds of exception.

B. H. HILL & SON, for plaintiff in error.

SPEER & SPEER, for defendants.

TRIPPE, Judge.

The grounds on which the leave of absence was asked at the adjourned term in July, were made the ground for the motion for a continuance at the August term, when the case was called for trial.   As the applicant for the leave of absence

had the benefit of all the facts in the motion to continue, it may be said that the whole question is merged in the latter motion and the decision thereof. Moreover, it does not appear that the decision complained of, as to the refusal of the leave of absence, was made within a period prior to the sanction of the bill of exceptions that entitles it to be reviewed here. Objection was made against the right of the plaintiff in error to be heard on this point for that reason, and the objection seems to be well taken.

Did the showing made for a continuance entitle the movant to it? This court, on the first Monday in July, 1873, (the first day of that term,) adjourned until the first Monday in August. Mr. Hill was defendant in a case in Clarke superior court, and had no other counsel than himself. The case had been pending for some three years in that court. When the adjournment of this court was ordered in July, he was of counsel in an important cause pending in it, and, as was shown in the motion, was the counsel on whom his client mainly relied. This adjournment caused the conflict that occurred in the hearing of the two causes—his own case in the superior court, and the one in which he was counsel in the supreme court. He could not attend to both. There were but a few weeks between the time the adjournment of this court was ordered and the time both these cases were in order for trial.

The superior court is vested by law with a discretion as to continuance of cases that is not granted to this court. Here a continuance can be allowed only for providential cause. There, all such applications are addressed to the sound legal discretion of the court, and if not expressly provided for, *shall be granted or refused as the ends of justice may require:* Code, section 3531. Many special grounds are, by statute, provided as good causes for continuance. Amongst them is mentioned the fact that the party, or the leading or sole counsel, is providentially prevented from attending the trial. After stating this, amongst others, the Code makes the general provision as above quoted, and leaves the question of continuance, when not expressly provided for, to the sound legal dis-

cretion of the court, to be exercised as the ends of justice may require.

It is argued that as the statute, in terms, makes the absence of a party or counsel for providential cause a ground for continuance, that the court can have no discretion in the matter, unless the absence be for such cause; and further, that the cause means such an one as is referable to divine providence. Whatever the statute may mean by the term "providential cause," to hold as is claimed by counsel for defendant in error, would be shutting in parties, counsel and courts, to a rule that would not only not reach what the ends of justice require, but would often overthrow justice itself. A party to a cause might, by the fraud of his antagonist, be induced to be absent. He might be kept from attending court by an assurance from the other side that his case would not be pressed. If his counsel could show this, and that his presence was necessary, would not a continuance be allowed, although his absence would not be for a providential cause? In the same manner might the attendance of counsel be prevented. The party or his counsel, whilst on their way to court, might, by a sudden accident or injury to the horse or vehicle with which they were traveling, be disabled from reaching the court in time. Or it might be that the railroad cars, which were the means of conveyance, might be thrown off, or by other mishaps, delay them. Many other causes might occur that would disable them from being present in due season, over which they had no control and for which they could be charged with no default. It would be a harsh rule that would allow such as this to constitute a legal reason for denying suitors to be heard in the courts.

Doubtless any court which has the powers of the superior court in the premises, would and should listen to applications for continuances founded on such causes, as strong appeals to its sound legal discretion.

So, as in this case, if a sudden change be made in the order of holding the courts, whereby such a conflict occurs as is here presented, neither an attorney or suitor should be forced to

the necessity of going to trial without a reasonable time for preparation therefor. And as this court could have had neither power or any discretion to exercise in the case here, it was a right that the plaintiff in error had to ask the continuance he claimed.

We say nothing as to the legal sufficiency of the pleas filed. Courts do not scrutinize very closely the pleadings on a motion for continuance. No demurrer was made to the pleas in the superior court. Besides, they can be amended, both in matter of form and substance, if necessary.

Judgment reversed.