Schlesinger v. Nunan.

*Decree affirmed.*

---

LEOPOLD SCHLESINGER ET AL.

V.

BENNETT B. NUNAN.

*Practice—Continuance—Absence of Party.*

Where a party who is a material witness in his own behalf leaves home, even on account of his health, when his suit is liable to be called for trial, his absence is insufficient as ground for a continuance.

[Opinion filed April 11, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellants.

Mr. SAMUEL CHANDLER, for appellee.

BAILEY, J. This suit was brought by Bennett B. Nunan against Leopold Schlesinger and David Mayer, before a Justice of the Peace, where a judgment was rendered in favor of the plaintiff for $10.10 and costs. The plaintiff appealed to the Superior Court, where a trial was had before the court, a jury being waived, resulting in a judgment in favor of the plaintiff for $129.41 and costs, and the defendants have appealed to this court.

The assignment of error upon which the defendants chiefly rely is the one which calls in question the decision of the court denying the defendants' motion for a continuance. It appears that on April 21, 1887, a stipulation was entered into by the parties whereby a jury was waived and the cause submitted to the court to be tried upon five days notice by either party. On the 13th day of June, 1887, said cause being on the trial calendar of the Superior Court, a motion was made on behalf of the defendants for a continuance, on the ground of the absence of said David Mayer, one of the defendants, who was a material witness for the defense. The affidavit read in support of the motion satisfactorily establishes the materiality of Mayer's testimony, and that the defendants had no other witness by whom the same facts could be proved.

By way of showing that due diligence had been used to obtain the testimony of said witness, or want of time to obtain it, said affidavit states that said David Mayer, before any attempt was made to have said cause tried, was suffering from sickness and nervous depression, and that on that account, on or about June 8, 1887, and before said cause was attempted to be tried or placed on the calendar for trial, he sailed for Europe, on medical advice, for a temporary stay, not exceeding

Schlesinger v. Nunan.

four weeks, and that he was then on such voyage and still sick as aforesaid; that said David Mayer did not and could not know that said cause would be reached for trial at the June term of said court at the time he left, and that the defendants expected to procure the testimony of said witness by the next term of court at which said cause would be reached.

We are of the opinion that the affidavit fails to show the use of such diligence to obtain the testimony of the absent witness as the law requires. The witness was one of the defendants, and must be presumed to have been fully aware, at the time he left on his trip to Europe, that the suit was pending against him, and that it was liable to be called up for trial at any time on five days notice. It was, therefore, negligence for him to go away without arrangements for a postponement of the trial until his return, or without leaving his testimony behind him in the form of a deposition. He had no right, merely because the plaintiff had given no intimation of an intention to notice the cause for trial during his absence, to assume that he would not do so. Ordinary diligence required him, before going away to be absent for a number of weeks, to provide against the contingency of the plaintiff's electing to proceed to a trial before his return.

Where the absent witness is the party himself, very different rules obtain from those which govern cases where the witness is one who is in no way interested in the suit, and whose attendance can be compelled only by the ordinary process of subpœna. A party who is a material witness in his own behalf must have his testimony ready for use at the trial, unless prevented from so doing by some obstacle which by the exercise of reasonable diligence he can not overcome, and the obstacle should not be one which he has created by his own voluntary act. If he allows considerations of business or pleasure or even regard for his own health to call him away at a time when his suit is liable to be called for trial and he thereby loses the benefit of his own testimony, he must, ordinarily, suffer the consequences. We are of the opinion that no sufficient ground for a continuance was disclosed by the

affidavit, and that there was no error in denying the defendants' motion in that behalf.

No questions of law were raised at the trial, and the evidence, though somewhat conflicting, is sufficient to sustain the finding and judgment. There is, so far as we are able to see, no error in the record, and the judgment will therefore be affirmed.

*Judgment affirmed.*