## Gunn *v.* Gunn.

1. Where the defendant in an equitable petition involving various and complicated matters made no effort to employ counsel until after the lapse of more than eight months from the service of the petition upon him, and then began negotiations with an attorney whose business engagements prevented his giving immediate at-

tention to the case, and had not fully employed him up to the time the case was called for trial, there was no abuse of discretion in refusing a continuance in order to allow the defendant to complete his contract with his attorney and make preparation for the defense; nor was the court bound to grant a continuance because the defendant had pending for trial at the same time an important case in another State, upon which trial his personal attendance was necessary.

2. Where counsel announced to the court that they represented the defendant only for the purpose of moving for a continuance and arguing a demurrer to the plaintiff's petition, and declined to have their names marked on the docket for the defendant or to appear for him generally, and were fully heard upon the motion to continue and upon the demurrer, and no plea or answer was filed for the defendant, there was no error in refusing to allow such counsel, after the introduction of evidence by the plaintiff, to argue the case upon its merits to the jury.

3. Where a wife instituted an equitable proceeding against her husband for the purpose of establishing her title to various parcels of realty in which he had invested money belonging to her, the title as to some of these parcels being in him individually, and as to others, in him as trustee for her, and there was a verdict in her favor as to all the property described in her petition and in an amendment thereto, and the decree, in general terms but not by particular description, was broad enough to embrace other realty not so described, but which, in an affidavit filed by the defendant in the nature of an answer to the petition, he admitted to be her property, the wife could maintain a second equitable petition for the purpose of establishing and rendering certain her right to the property described in that affidavit and not expressly mentioned or described in the petition or the verdict rendered thereon; and it was germane to the purpose of the second petition to obtain an injunction restraining the husband from interfering with her enjoyment of the property she had recovered in the first case, and also that to which the petition in the second case referred.

4. No substantial error, if any at all, was committed by the court in admitting evidence or in charging the jury; the demurrer was properly overruled, and no sufficient cause for reversing the judgment below appears.

February 27, 1895.

Equitable petition. Before Judge Hardeman. Bibb superior court. April term, 1894.

Steed & Wimberly, for plaintiff in error.

L. D. Moore and Gambrell & Nisbet, *contra.*

Simmons, Chief Justice.

1. The plaintiff's petition was filed and a copy served upon the defendant in July, 1893. The case was one involving various and complicated matters, but the defendant took no step towards employing counsel to represent him until April, 1894, shortly before the trial. He then commenced negotiations with a firm of attorneys for that purpose, but these negotiations had not been completed when the case was called for trial, in May, 1894. Upon the first call of the case at the trial term, the attorneys who had been consulted by him requested a postponement, and stated that the terms of the contract of employment had not been completely arranged, that the records necessary to understand the case were voluminous and the facts complex, necessitating going into an accounting for a number of years, that they had been continuously engaged with other business since they had been consulted by the defendant, and they were not prepared to go into a trial of the case; and they declined to allow their names marked on the docket. The court assigned the case for trial, and several days after, on the final call, a member of the same firm of attorneys stated to the court that the defendant had left to attend the trial of a case in Florida, in which he was a party, and that they were powerless to defend him. Counsel presented an affidavit of the defendant, in which he stated that his presence at the trial of the case in Florida was necessary; also that his presence was necessary at the trial of the case at bar, and that he had negotiated with counsel to prepare him a defense therein, but owing to other engagements of counsel he had not been able to have them do so; and he asked that the case should be postponed until he could get back from the hearing in Florida. The court then asked counsel if he should mark his name for the defendant; to which counsel replied that he would rep-

resent him to present said affidavit, and to make and argue a demurrer. No plea or answer had been filed.

Under this state of facts, the court did not abuse its discretion in refusing a continuance. The defendant knew for upwards of nine months before the trial that the case would stand for trial at that term, and. there was no reason why. he should not have employed counsel long enough beforehand to afford them full opportunity to investigate the case and prepare for the trial. Certainly there could be no excuse for his waiting until the case was called for trial without having made a definite engagement with counsel to represent him in the defense of the case. The fact that the defendant had a case in another State, which was about to be tried, was not a ground which the court was bound to recognize as sufficient.

2. Counsel demurred to the petition; the demurrer was overruled, and the case proceeded to trial upon the merits. The plaintiff introduced her evidence and closed. No plea or answer was filed, and no evidence introduced in behalf of the defendant. The counsel who had represented the defendant in the motion to continue the case and in arguing the demurrer, proposed to address the jury upon the merits of the case, but the court refused to allow this; and error is assigned upon this ruling. As we have seen, the counsel who proposed to address the jury in behalf of the defendant, had declined to have their names marked on the docket as representing him, and had announced to the court that they would represent him only in moving for a continuance and arguing a demurrer to the plaintiff's petition. Under this state of facts, the court did not err in refusing to allow them to argue the case to the jury.

3. It appears from the record, that the plaintiff and the defendant were married since the enactment of the "married women's act" of 1866; that at the time of the

marriage the wife owned a large estate, consisting of bonds, stocks and cash, which went into the husband's hands; and that with money belonging to her he bought large quantities of real estate, taking some of the deeds thereto to himself as trustee, and others to himself individually. A judgment was obtained against him by Harris, and an execution issued thereunder was levied upon some of this realty. The wife filed a claim to the property, and pending the claim case she ascertained for the first time that her husband had caused the deeds to the property to be made to himself, as above stated. She then filed an equitable petition against Harris and her husband, setting forth these facts, and praying that the deeds be cancelled and that all the property thus conveyed to her husband be decreed to be her own in her individual right. In her petition and an amendment thereto, she described particularly certain tracts of the land referred to, and prayed discovery from her husband as to other tracts purchased with her money. The husband filed an affidavit in the nature of an answer, disclosing, in addition to the tracts described in the petition and the amendment, other tracts of land which he had caused to be conveyed to himself as trustee and as an individual, and which he admitted to be her property. The jury rendered a verdict as follows: "We, the jury, find and decree that the property described in the petition and amended petition was purchased with the funds of Hattie A. Gunn, and we find that the said U. M. Gunn shall convey all of said property by absolute deed to the said Hattie A. Gunn, and that the decree of the court shall operate as such conveyance," etc. The court thereupon decreed that the title to the several tracts of realty described in the petition and the amended petition was in the plaintiff, that the defendant was not trustee as to this "or any other property which may have been conveyed to him as such trustee,"

and that "all titles taken by himself as trustee for her be cancelled and title vested in her by this decree." It will be seen, that while the verdict embraced only the tracts of land described in the original and amended petition, the decree embraced not only that property, but all other property which may have been conveyed to the defendant as trustee for his wife. After this decree was rendered, the husband continued to assert possession and control of that part of the property admitted in his affidavit to be the property of his wife, which had not been specifically described in the petition and the amendment thereto, claiming that the verdict did not cover such property, and that as to property not embraced in the verdict the decree was inoperative. The wife then filed another petition, the object of which was to have a specific verdict and decree as to that part of the property. In this petition she described the property in question, alleging that it was hers and had been bought with her own money, that her husband still claimed possession of it and sought to exercise control over it, that he interfered with her tenants, seeking to eject them by dispossessory warrants and claiming that he had the legal title to the property. The petition alleged also, that by reason of his cruel treatment and threats she had been compelled to separate from him, and had filed a suit for divorce, which was then pending, but that he nevertheless forced himself into her house, and made threats against her person, etc. She prayed that the deeds by which the property in question had been conveyed to her husband as trustee and as an individual be cancelled and the title decreed to be in her, and that an injunction be granted restraining him from interfering in any manner with the property and from interfering with her personally.

Under this state of facts, we think the petition was maintainable, and that the plaintiff was entitled to the

relief sought therein. The decree rendered upon the former petition embraced not only the property specifically described in that petition, but was intended to apply to all other property held by the husband which had been purchased with funds belonging to the wife. Inasmuch, however, as it was not definite and certain in its terms as to the particular property covered by this part of the decree, we think it was proper, in view of the claim set up by the defendant, that the second petition should be entertained, for the purpose of establishing and rendering certain her rights in the premises. This petition was in the nature of a supplemental bill, in aid of the decree, to carry it out and give it a fuller effect; and so far as the main purpose of the petition was concerned, it did not seek to obtain relief of a different kind or upon a different principle from that sought and granted in the original proceeding. (See Story, Equity Pleading and Practice, §338.)   And we think it was germane to the purpose of the second petition to obtain an injunction restraining the husband from interfering with the plaintiff's enjoyment of the property she had recovered in the first case, and also that to which the petition in the second case referred.

4. No substantial error, if any at all, was committed by the court in admitting evidence or in charging the jury; the demurrer was properly overruled, and no sufficient cause for reversing the judgment below appears.

*Judgment affirmed.*