[No. 2150]

## LAURA A. NEVEN, RESPONDENT, *v.* JAMES H. NEVEN, APPELLANT.

[148 Pac. 354]

1. APPEAL AND ERROR—CONTINUANCE—DISCRETION OF TRIAL COURT.
A motion for a continuance is addressed to the discretion of the court, and its ruling will not be reversed, except for most potent reasons.

2. CONTINUANCE—DISCRETION OF TRIAL COURT.
Where defendant, in a suit for divorce, was present with his counsel in court on March 28, when by his consent the case was set for trial April 4, without then informing the court of the necessity of his being absent so near that date as to prevent his presence at the trial, and it did not appear that his absence before the trial, which prevented his presence at the trial, was due to a court proceeding, denial of continuance because of his absence, supported by a telegram merely announcing his inability to be present because of guardianship proceedings, was not an abuse of discretion.

3. CONTINUANCE—GROUNDS—DISTRICT COURT PROCEEDINGS.
A party in two court proceedings in different places is bound by the first notice of trial, and the requirement of his presence at that trial affords a ground for a continuance of the other proceeding.

4. CONTINUANCE—GROUNDS—ABSENCE OF PARTY.
A party who is a material witness in his own behalf is not entitled to a continuance because of his absence, unless he shows that he had his testimony ready for use at the trial, but was prevented from attending the trial by some obstacle which, by the exercise of reasonable diligence, he could not overcome, and which he did not create by his own voluntary act.

APPEAL from Second Judicial District Court, Washoe County; *Cole L. Harwood,* Judge.

Action for divorce by Laura A. Neven against James H. Neven. From an order denying a motion for a new trial, after judgment for plaintiff, defendant appeals. **Affirmed.**

*Sweeney & Morehouse,* for Appellant:

The rule as to continuances is that the discretion confided to the court is a legal discretion to be exercised, not capriciously or arbitrarily, but by fixed legal principles, and in a manner to subserve and not defeat the ends of substantial justice. (*Phelps* v. *Owens,* 11 Cal. 22;

*Bailey* v. *Taaffe*, 29 Cal. 424; *Springer* v. *Davis*, 30 Cal. 322; *Lybecker* v. *Murray*, 58 Cal. 186; *Jaffe* v. *Lilienthal*, 101 Cal. 175; *Robertson* v. *Wooley*, 32 Pac. 1060; *Pate* v. *Tait*, 72 Ind. 450. )

The court cannot lay down a general rule for the continuance of causes, but must under the circumstances of each case take care that injustice is not done either by precipitate trials or wanton delays, and when there appears to be a fair ground for the postponement the case will be continued. (4 Ency. U. S. Sup. Ct. 544; *Symes* v. *Irvine*, 2 Dall. 305.) But, whatever the rule may be as to other actions, in divorce cases it is more liberal, in that the state, as well as the parties to the action, is interested in the result thereof, and the court should afford the fullest possible hearing. (*McBlain* v. *McBlain*, 77 Cal. 509; *Wadsworth* v. *Wadsworth*, 81 Cal. 182; *Cottrell* v. *Cottrell*, 83 Cal. 459; *Deyoe* v. *Sup. Ct.*, 140 Cal. 482. )

*Dodge & Barry*, for Respondent:

Absence on business of an ordinary character is no ground for postponement. (9 Cyc. 95; *Barnes* v. *Barnes*, 95 Cal. 179; *Wilkerson* v. *Parrot*, 32 Cal. 102. )

By the Court, McCARRAN, J. :

This was an action for divorce, commenced in the district court of Washoe County by respondent. Judgment having been rendered for respondent, a decree of the court was rendered in her favor in accordance with the prayer of her complaint. Appeal is taken to this court from the order denying appellant's motion for a new trial.

One question only is presented to this court for determination, namely: Was it an abuse of discretion for the trial court to deny appellant's motion for a continuance of the trial of the case?

The record discloses that on the 21st day of March, 1914, the attorneys for the respective parties being in court, the trial of the case was, by consent of said attorneys, set for Thursday, the 26th day of March, 1914, at

10 o'clock a. m.   It further appears that on the 26th day
of March, 1914, at the hour at which the case was set for
trial, the plaintiff appeared in court, with her attorneys
and witnesses, to proceed with the trial.   The defendant,
at that time, through his attorneys, presented the affidavit
of a physician in furtherance of his motion for a contin-
uance.   The affidavit of the doctor was to the effect that
appellant was in ill health and unable to be present at
the trial.

Upon motion of counsel for the appellant, the case was
continued, and on Saturday, the 28th day of March, 1914—
calendar day in the district court—appellant and respon-
dent and their respective attorneys being in court, the
cause was, by and with the consent of all parties, set for
trial for Saturday, the 4th day of April, 1914, at 10:30
o'clock a. m. of that day.

On Saturday, the 4th day of April, 1914, at the hour set
for the commencement of the trial, the plaintiff appeared
in person and with her attorneys and witnesses.   The
defendant was not present, and one of his attorneys pre-
sented a telegram from defendant in furtherance of a
verbal motion for continuance.   The telegram, admitted
and filed in furtherance of the motion, is as follows:

"Western Union Telegram
"Received at 127 N. Center St., Reno, Nev.   Phone 436.
"Always Open.
"13SFX7.   Filed 828AM.   Elko, Nev., Apl. 4, 1914.
"Sweeney & Morehouse, Reno, Nevada.
"Detained here unavoidably.   Guardianship matter
Le Roy Neven.                    J. H. Neven.   832AM."

The motion of appellant being resisted by respondent
in the court below, the respondent herself took the stand
and testified with reference to appellant going to Elko,
as follows:

"Q.   Do you know what he went to Elko for?   A. Well,
some matter pertaining to the estate of Roy Neven.

"Q.   His nephew?   A. Yes.

"Q.   Was it going to be heard in court, or did he just go
to consult with attorneys?   A. Well, he talked with me

about it Thursday, and he said, 'Will you go up to Elko with me and have Judge Taber cross-question you?' I said, 'When?' He said, 'Tonight. You can come back Friday night.' I said, 'No. I wouldn't take any chances on coming back Saturday night, because,' I said, 'you know our affair comes up Saturday.' I said, 'Is it necessary for you to go tonight?' He said, 'No, it is not; but I will have to go some time soon.'

"Q. Did you impress upon him at that time the importance of his being back here at this time? A. Well, we talked about it. He knew for a certainty it would come up today, and he did not say when he went out of the house that he was going to Elko; just went in the bathroom, cleaned up and went out; didn't say anything about going to Elko to me.

"Q. Has he told you at any time that he would delay the trial of this case? A. Oh, yes; right from the start he said he would delay it as much as possible, and that if he had his way it never would come to trial."

The motion of appellant's attorney for continuance being denied, the court proceeded to the trial of the case.

At the conclusion of the plaintiff's case, the attorneys for appellant again renewed their motion for a continuance. In furtherance of their motion, one of the attorneys made a statement under oath to the effect that on Thursday, April 2, appellant informed him that he was going to Elko, concerning some matter in probate; that he then and there informed appellant that this cause was set for the morning of April 4, at 10:30 o'clock, and that he must return in time for this matter to be heard.

The motion for continuance was again denied, and, no evidence being offered on behalf of defendant, appellant herein, the court rendered judgment for the plaintiff.

Appellant later moved the court for a new trial, and, in furtherance of his motion, filed his affidavit setting forth the reason for his absence on the date of the trial of the cause. A portion of his affidavit is as follows:

"James H. Neven, being first duly sworn, deposes and says: That he is the defendant in the above-entitled

action; that on Thursday, the 2d day of April, 1914,
defendant had very important business to attend to in
Elko, county of Elko, Nevada; that he took the train
from Reno for Elko on the evening of Thursday, April
2d, with full intent and purpose of returning not later
than Friday evening, April. 3d; that he knew that the
action above entitled as against him was set for trial
at 10:30 o'clock a. m. of the 4th day of April, 1914.
That he intended to go to Elko on April 2d and return to
Reno on the evening of April 3d, so as to be ready for
participating in the trial and defending himself in the
aforesaid action on Saturday, April 4th, at 10:30 a. m.
of that day. That upon his arrival in Elko he had cer-
tain conversations and business dealings with the attor-
neys of Le Roy Neven, whose estate during his minority
was under control of affiant as guardian, and his business.
dealings with these people, to wit, the attorneys for Le
Roy Neven, was to enable them to fix up the accounts
necessary to be reported by affiant and obtain the dis-
charge of affiant as guardian of the said Le Roy Neven.
That he had no purpose, design, or intent in going to
Elko, Nev., to interfere with the trial of this cause in
the court on the 4th day of April, but with good faith
and with good intent he thought he would finish the
business he had in Elko, Nev., and return on the evening
of April 3d, so as to be ready for trial the morning of
April 4th. That train No. 5 of the Southern Pacific Rail-
road Company from Elko, which is due in Reno at 8:50
a. m., April 4th, was 6 hours and 45 minutes late, render-
ing it impossible for defendant to appear in court and
participate in defending said cause and having a hearing
of said cause on the 4th day of April as aforesaid. That
it was through no fault or neglect of this defendant that
he was not present at the trial and would be prepared to
defend the said action, but, by reason of the fact that
train No. 5 was 6 hours and 45 minutes late, affiant did
not arrive in Reno until after 3 o'clock p. m. of Saturday,
April 4th. That realizing that he could not return by
reason of the fact that the said train, over which he had

no control, was 6 hours and 45 minutes late, he (affiant) sent a telegram to H. V. Morehouse, one of his counsel, stating that he was unable be present and was unavoidably detained, hoping thereby that his counsel (the said H. V. Morehouse) would be enabled to obtain a continuance of this cause at least for the purpose of taking the testimony which would be offered by the defendant in person and by his witnesses."

[1] It is needless for us to cite authority in support of a proposition that has become almost universally recognized: That a motion for continuance is addressed to the discretion of the court. The reason for this rule is manifest. The trial court is apprised of all the circumstances concerning the case and the previous proceedings, and has before it the parties, from whose conduct and utterances it has opportunity to judge as to whether or not the motion is made in good faith, or as to whether or not deception and fraud are being perpetrated on the court with a view to delaying the proceedings. It is for these reasons that courts of review generally have taken a position that the action of a trial court, in granting or denying a motion for continuance, will not be reversed, except for the most potent reasons.

The rule has been laid down by some courts (and, in our judgment, advisedly so) that a greater degree of liberality should be accorded in matters of continuances in divorce cases than in any other civil actions; the reason for this being that the public, as well as the parties to the action, are interested in the result of the suit. However this may be, we concur in the expression of the Supreme Court of California, in the case of *Barnes* v. *Barnes,* 95 Cal. 171, 30 Pac. 298, 16 L. R. A. 660, that a defendant must be held to the exercise of good faith and diligence, and cannot be heard to complain if the failure to present his defense results from an attempt to subordinate the business of the court to his own business engagements and convenience.

[2-3] The statement of appellant, made in his affidavit,

makes no attempt to establish that appellant was required, either by court process or the pendency of court proceedings, or even by urgent or imminent business engagements, to be in Elko either on April 2, 3, or 4. The record fails to disclose that any proceedings were pending in any court in Elko, or elsewhere, in which appellant was directly or indirectly concerned. The most that can be said for the affidavit of appellant is that it attempts to set forth that he had very important business to attend to in Elko; that upon arrival in Elko he had certain conversations and business dealings with the attorneys of Le Roy Neven, whose estate, during his minority, was under the control of affiant as guardian; that his business dealings in this respect with these people, to wit, the attorneys for Leroy Neven, were to enable them to fix up the accounts necessary to be reported by affiant and obtain the discharge of affiant as guardian of said Le Roy Neven. Nothing in the affidavit indicates, even inferentially, that this business transaction with the attorneys of Le Roy Neven was a matter imminent, urgent, or pressing, or one which demanded or required the presence of appellant upon either the 2d, 3d, or 4th day of April, or, in fact, upon any other particular date. Nothing appears in the record which tends to contradict the testimony of Mrs. Neven, the respondent herein, wherein she states that she cautioned appellant, prior to his departure for Elko, and said, "Is it necessary for you to go tonight?" to which he replied, "No, it is not; but I will have to go some time soon." Counsel for appellant, in their brief, urge that this business in Elko was a court proceeding, in which appellant was an interested party, but this is nowhere supported by the record, nor even by the affidavit of appellant.

The record discloses that appellant was present in court on the 28th day of March, with his attorney; that on that date, by his consent, the case was set for trial on April 4. If a visit to Elko was urgent or pressing, he should have brought such matter to the attention of the court, or at

least made some effort to have this case set at a date
more convenient to him; and even though it was a court
proceeding in Elko at which, by reason of his interest
therein, he was required to be present, if those proceed-
ings had been set prior to the 28th day of March, he must
have been cognizant of that fact, and should have urged
that matter at the setting of this case. If it was a court
proceeding in Elko, in which his presence was urgent and
the date of that proceeding was set after the 28th day of
March, he was bound by the first notice of trial, and the
requirement for his presence at the trial of this cause
would have been reasonable ground for a continuance in
the Elko proceeding. (*Finar* v. *Fillmore,* 1 Mich. N. P.
172.)

[4] It is unnecessary for us to dwell upon such rules
and observations as have been made by either this or
other courts upon the subject of the absence of witnesses
as a ground for continuance in civil cases. Such rules
and observations are not strictly applicable to the matter
at bar. In this case the absent witness was the party
defendant himself; and he is bound by a different rule
from that which might be applicable if the absent wit-
ness were one in no wise interested in the suit, in that,
as a general proposition, a stricter showing of good cause
is required. (6 R. C. L. 551.)

"A party who is a material witness in his own behalf,"
says the Appellate Court of Illinois, "must have his testi-
mony ready for use at the trial, unless prevented from so
doing by some obstacle which by the exercise of reason-
able diligence he cannot overcome, and the obstacle should
not be one which he has created by his own voluntary act.
If he allows considerations of business or pleasure, or even
regard for his own health, to call him away at a time when
his suit is liable to be called for trial and thereby he loses
the benefit of his own testimony, he must, ordinarily, suf-
fer the consequences." (*Schlesinger* v. *Nunan,* 26 Ill. App.
525.)

The expression of the Supreme Court of California in

the Barnes case, *supra,* was again referred to approvingly in the case of *Estate of Kasson,* 141 Cal. 33, and is generally cited as a leading case upon the subject. (6 R. C. L 551; Am. Ann. Cas. 1914B, 360.)

It must be observed that the telegraphic communication from the appellant to his attorney, filed in the district court in furtherance of the motion for continuance on the 4th day of April, made no mention of the delayed train as being the cause of.the absence of appellant. . The telegram was filed at Elko at twenty-eight minutes after 8 o'clock on the morning of the 4th day of.April, and makes no intimation that appellant was or would be on the delayed train No. 5. It says: "Delayed here unavoidably. Guardianship matter Le Roy Neven."

If the lateness of train No. 5. had been the real cause of the absence or delay of appellant, it would have been a simple matter to make mention of that.fact in the telegram. Moreover, in the motion for continuance, made by the attorneys for appellant on April 4, there was no mention of appellant being on. this delayed train, or that he would arrive on the delayed train, or within any reasonable time. A showing to this effect, made properly and in good faith, might have been at least a reasonable ground to warrant the trial court in continuing the hearing until the arrival of the defendant. But in the record we find no assurance given that the defendant would be.able to attend the trial at any designated time.

. The affidavit of appellant, filed .in furtherance of his motion .for a new trial and made the basis of his appeal in this case, states that his object in. sending this telegram was the hope that thereby his counsel would be enabled to obtain a continuance of this .cause, at least for the purpose of taking the testimony. which would be offered by defendant in person and by .his witnesses. In this respect, the record discloses that no witnesses were in attendance upon the trial, by subpena or other process of the court, on behalf of appellant. .If, however, witnesses on behalf of .appellant had been .present at the

time of trial, the absence of appellant would not have precluded his attorney from introducing such testimony, bearing upon the case, as might be adduced from those witnesses. The record discloses neither the presence of any witnesses on behalf of defendant, nor that any witnesses were placed upon the stand in his behalf, nor testimony of any kind or character offered, either in contradiction of the allegations of respondent's complaint or in support of appellant's cross-complaint. Moreover, the counsel for appellant who made his statement under oath in furtherance of his motion for continuance, at the conclusion of respondent's case, made no intimation that any witnesses were present on behalf of appellant.

From the record as it is before us we find nothing that would support appellant's contention that it was an abuse of discretion for the trial court to deny the motion for continuance.

It follows that the order denying appellant's motion for a new trial should be affirmed.

It is so ordered.


## ON PETITION FOR REHEARING

By the Court, McCARRAN, J.:

Counsel for appellant, in their petition for rehearing, make the following assertion:

"At the same time, the fact exists that Neven was cited into court at Elko County, to make an accounting for the guardianship of Le Roy Neven, his nephew."

If the statement of counsel for appellant here quoted were supported by the record before us to any extent whatever, then a rule might apply in favor of appellant different from that asserted in the former opinion of this court. The fact is, however, that this assertion is unsupported by anything in the record before us. The affidavit of appellant, filed in the court below in furtherance of his motion, makes no such declaration. In the statements

made by counsel for appellant before the trial court on the day of the trial, in explanation of the absence of appellant and in furtherance of the motion for a continuance, there is nothing indicating that appellant Neven had been "cited into court in Elko," or that appellant had been called there by any process issued out of any court. And it may be not out of place to observe here that, had any citation or process issued calling for the presence of the appellant Neven, it would have been a simple matter to have produced the same in the trial court either in furtherance of the motion for a continuance or as a part of the affidavit of appellant, and the same would thereby have become a part of the record before this court.

The testimony of the respondent, Mrs. Neven, in detailing a conversation between herself and appellant relative to his going to Elko, sets forth that on Thursday, April 2, when appellant invited her to go with him to Elko, she inquired of him: "Is it necessary for you to go tonight?" To which he, the appellant, answered: "No, it is not; but I will have to go some time soon."

Petition for rehearing should be denied.

It is so ordered.