### 13487. ABRAMS v. PLANTERS BANK.

LUKE, J.  The petition for certiorari contained no legal reason why it should be sanctioned, and it was not error for the court to refuse sanction.
            *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
                    DECIDED JUNE 13, 1922.

Petition for certiorari; from Seminole superior court — Judge Worrill.  March 4, 1922.

The petition for certiorari was by David M. Abrams.  It stated that at the February term, 1922, of a designated justice's court there came on to be tried before Otho Benton, N. P. and ex officio J. P., the case of Planters Bank v. David M. Abrams, " the same being an action on an affidavit of illegality to fi. fa. issued on a chattel mortgage foreclosure by the Planters Bank against David M. Abrams," and " 1st.  That on or about the 28th day of January, 1922, said David M. Abrams was in conference with R. H. House, attorney for the Planters Bank, and told said House that he was called to New York and other northern cities on important business, and the said House agreed to continue cases in which he represented one party and Abrams the other.  The specific cases were mentioned, excepting this case, which was not specifically

.mentioned, but petitioner was under the impression that this case would also be postponed. 2d. That on or about the 28th of January, 1922, said David M. Abrams was in conference with said Otho Benton, N. P. and ex officio J. P., and told said Benton that he was called to New York and other northern cities on important business, and that he would not return before court day, and the said Benton stated that it was 'all right,' leaving said Abrams under the impression that a leave of absence was granted, although same was not specifically asked for, but cases in which said Abrams was concerned in said Benton's court were mentioned. 3d. That on February 10th, 1922, at the regular court day of the said Benton, said Benton dismissed your petitioner's affidavit of illegality. . . 4th. That the court erred in dismissing said illegality, as said Abrams was granted a leave of absence by the court, or at least led to believe that said case would be continued." Copies of the proceedings in the case stated in the petition were attached as exhibits.

*H. G. Rawls, David M. Abrams,* for plaintiff in error, cited: 44 *Ga.* 588-9; 45 *Ga.* 538; 51 *Ga.* 122.