**COSTLEY v. CHAPMAN, Com'r of Banking and Insurance. (No. 6740.)**

(Court of Civil Appeals of Texas. Austin. May 3, 1924. Rehearing Denied May 28, 1924.)

1. **Appeal and error** ⬅️966(2)—**Continuance** ⬅️19—**Continuance for absence of party in discretion of court, not disturbed save for abuse.**

Whether, under facts of given case, continuance or postponement should be granted in order that absent party may avail himself of privilege of being present at trial, is usually a matter resting in sound discretion of trial court, which will not be reviewed on appeal unless it clearly appears that it has been abused.

2. **Appeal and error** ⬅️948—**Party denied continuance or new trial for absence must show reasonable excuse and prejudice.**

Before action of trial court in refusing to continue or order a new trial on ground of party's absence will be disturbed, it must be affirmatively shown that he had a "reasonable and sufficient excuse" for not being present and that his absence resulted to his prejudice.

3. **Continuance** ⬅️19—**Attendance on another court does not require continuance.**

Attendance on another court is not ground for continuance which courts are bound to recognize as sufficient.

4. **Continuance** ⬅️19—**Party bound by first notice of trial in one of two courts.**

Where it is held attendance on another court requires continuance, party is bound by first notice of trial, and court in which that was given need not grant continuance.

5. **Appeal and error** ⬅️1043(7)—**Depriving of right to aid in selecting jury held not prejudicial.**

That one denied continuance because of his absence was deprived of right to aid in selecting jury was immaterial, where court directed a verdict.

6. **Appeal and error** ⬅️1032(1)—**Party denied continuance claiming prejudice must show facts.**

In order to show prejudice in denial of continuance whereby absent party was deprived of right to inform counsel of facts upon which to base an amended pleading after demurrer was sustained to answer, substance of such facts should be made known to court.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Appeal and error ⬪1032(I)—Merely alleging generally existence of meritorious defense not enough to show prejudice in denying continuance.**

· Merely alleging generally existence of meritorious defense is not enough to show prejudice in denying continuance for absence of defendant.

**8. Appeal and error ⬪1043(7)—Prejudice in denying continuance not shown as respects cross-action.**

Where cross-action was dismissed because parties sought to be impleaded had not been served, defendant, having exercised no diligence in this respect, cannot contend that he was prejudiced respecting cross-action by refusal to grant continuance by reason of his absence.

On Rehearing.

**9. Continuance ⬪19—Sufficient excuse for not obtaining continuance of action in another court held not shown.**

One denied continuance on ground of attendance on another court *held* not to have shown sufficient excuse for not obtaining continuance in other case, though telegram from clerk of other court stated that motion to continue was overruled and case was to go to trial.

Appeal from District Court, Travis County; Cooper Sansom, Judge.

Suit by J. L. Chapman, State Commissioner of Banking and Insurance, against J. Lee Costley. Judgment for plaintiff, and defendant appeals. Affirmed.

D. J. Pickle and Dickens & Dickens, all of Austin, for appellant.

Roy C. Archer and Garrett, Brownlee & Goldsmith, all of Austin, for appellee.

McCLENDON, C. J. The only question presented in this appeal is whether the trial court committed reversible error in overruling a second motion for continuance or postponement which was predicated upon the absence of appellant, who was in attendance upon the trial of another case in which he was a defendant. We will state only so much of the record as bears materially upon this question.

The suit was by the state commissioner of banking and insurance, against J. Lee Costley, to recover from the latter the sum of $5,900, the amount of a 100 per cent. assessment as a stockholder of the Citizens' Guaranty State Bank of Manor, which had become insolvent and whose affairs were being administered by the commissioner under the state banking laws. The suit was brought to the December term, 1922, of the court, and was continued to the March term, 1923, upon application of Costley, upon representation by his counsel "that they had been unable to fully consult with their client, the defendant herein, but would agree to be ready

for trial upon any date fixed by the court at its March term, 1923." The case was placed upon the jury docket, which was called for settings on March 19, 1923, and the case was then set for trial Monday, March 26, 1923, and defendant, who lived at Dallas, was so notified on that day by his counsel. On March 22, 1923, defendant was advised that a case pending in the federal court at Fort Worth, in which he was a party, would be called for trial March 26, 1923, and he so wrote his counsel in this case. When the case was called for trial on March 26th, defendant's counsel asked for a continuance or postponement on the ground of defendant's absence and also because one of defendant's attorneys had to attend another trial in San Marcos on that day and the day following. In compliance with this request, the court postponed the case to the following Thursday, March 29th. When the case was called on that date, defendant was still in attendance upon the federal court, and his counsel presented a formal motion for continuance or postponement, which the court overruled. The case then proceeded to trial over objection of defendant's counsel. The parties sought to be impleaded by defendant in his cross-action were dismissed from the case because they had not been served with process upon the cross-action, and defendant had made no effort to serve them. Plaintiff's general demurrer to defendant's answer was sustained, except as to a general denial. A jury was selected, the pleadings were read, plaintiff offered his evidence, and judgment was rendered in his favor for the full amount sued for upon a directed verdict. Defendant's counsel were present but took no part in these proceedings, except upon direction of the court, and then only under protest. On April 20, 1923, defendant filed an amended motion for new trial, which was overruled on May 19, 1923.

Appellant only complains of the action of the trial court in overruling the motion to continue or postpone and in ordering the case to trial in his absence. We have reached the conclusion that in these respects the record does not present reversible error.

"It is unquestionably an important privilege of a party to be present at the trial of his cause, which should not be denied on a proper application made, unless for weighty reasons." 13 C. J. 138.

[1] But whether under the facts of a given case a continuance or postponement should be granted, in order that the absent party may avail himself of this privilege, is usually a matter which rests in the sound discretion of the trial court—a discretion which will not be reviewed on appeal unless it clearly appears that it has been abused. Mayer v. Duke, 72 Tex. 445, 10 S. W. 565;

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Oil Co. v. Watkins (Tex. Civ. App.) 189 S. W. 1083; 13 C. J. 138, 139.

In Mayer v. Duke the Supreme Court say:

"A party to a suit, whose testimony is material to his cause, may prefer to give his testimony in person, and may therefore decline to have his deposition taken in his own behalf. But if he do so he takes the risk of losing the benefit of his testimony, in the event he should fail *from any cause* [emphasis ours] to attend upon the trial. Having elected to take his chance of attendance upon the trial, his absence should not, in an ordinary case, be permitted to result to the prejudice of the opposite party. It should neither be a ground for a continuance, nor for the granting of a new trial."

[2] Before the action of the trial court in refusing to continue or order a new trial on the ground of a party's absence will be disturbed, two things must be shown affirmatively by the complaining party: (1) That he had a "reasonable and sufficient excuse" for not being present (13 C. J. 139); and (2) that his absence resulted to his prejudice. See Grain Co. v Winniford (Tex. Com. App.) 249 S. W 195, and authorities there cited.

[3] There are not many cases upon the subject, but the general rule seems to be that—

"Attendance on another court is not a ground for continuance which the courts are bound to recognize as sufficient." 13 C. J. 143; Gunn v. Gunn, 95 Ga: 439, 22 S. E. 552.

[4] But even where a contrary rule is in force it is held that the party is bound by the first notice of trial, and the court in which that was given will not grant a continuance because the requirement of the party's presence in that court would be reasonable ground for continuance in the other court. Neven v. Neven, 38 Nev. 541, 148 Pac. 354, Ann. Cas. 1918B, 1083; Finan v. Fillmore, 1 Mich. N. P. 172.

The record does not show when the suit in the federal court was filed; but it does appear that an amended original petition was filed and original citation issued to appellant on February 3, 1923. The citation called for the appearance of appellant on March 12th. The only other light thrown on the subject is contained in a letter from appellant to his attorneys, dated March 22, 1923, in which he states that he is informed by his attorney that the case was the first on the docket on Monday, March 26th, "and there is no question about the case going to trial, and he tells me that it will take four or five days or longer to try the case."

What, if any, efforts appellant made to have the case postponed or continued in order that he might be at the trial of the case at bar are not disclosed by the record; and therefore a reasonable and sufficient excuse for his absence is not affirmatively shown.

Nor do we think the record affirmatively shows that appellant's absence operated to his prejudice. The only allegations of prejudice made to the trial court were: That he was deprived of the right to aid in selecting the jury; that he could and would have advised his counsel of facts which would have enabled them to amend his pleadings when the demurrer was sustained to his answer; that he had a meritorious defense which he could have presented to the jury; and that had he been present "he would have proved the allegations in his cross-action."

[5] That he was deprived of the right to aid in selecting the jury had no bearing on the case, since the only function the jury performed was to render a verdict at the court's direction. It is not contended that directing a verdict for appellee constituted error.

[6] In order to show prejudice in being deprived of the right to inform his counsel of facts upon which to base an amended pleading, at least the substance of such facts should be made known to the court, in order that it might be determined whether, if true, they in law constituted any defense, or would otherwise have bearing upon appellant's rights. This was not done.

[7] The same is true as regards the allegation of a meritorious defense. Merely alleging generally the existence of a meritorious defense is not enough.

[8] The absence of appellant could not have any bearing upon his cross-action. The judgment shows that it was dismissed because none of the parties sought to be impleaded had been served and appellant had exercised no diligence in this regard. He could not possibly have prosecuted the cross-action, without obtaining a continuance for service—a situation of which he was charged with legal knowledge, and upon which his absence or presence had no bearing.

The trial court's judgment is affirmed.

Affirmed.

## On Rehearing.

It is contended in appellant's motion for rehearing that we were in error in that portion of our opinion reading:

"What, if any, efforts appellant made to have the case postponed or continued in order that he might be at the trial of the case at bar are not disclosed by the record."

In this connection it is urged that a telegram from the federal clerk at Fort Worth to the district clerk at Austin, dated March 26, 1923, and reading, "In cause Sloan v. Penix and Costley motion to continue overruled and case goes to trial," shows that Costley made every effort to get the federal court case continued.

As pointed out in our original opinion, the burden was upon appellant to show both a valid excuse for not being at the trial, and that his absence resulted to his prejudice. Even though a valid excuse were shown, still, as held in our original opinion, no prejudice was shown, and for that reason, if for

no other, the trial court's judgment should be affirmed.

[9] However, we are clear in the view that a sufficient excuse was not shown, and this for two reasons: First, because the efforts made by Costley, if any, to have the federal court case continued, were not shown; and, second, because his absence in the trial of another case under all the circumstances shown by the record was not sufficient ground as a matter of law ,to require continuance or postponement of the case.

The telegram quoted merely stated that a motion for continuance was overruled. It did not state who made the motion, nor the grounds upon which it was predicated. If we assume that the motion was made by Costley, still it does not appear whether he urged the setting of the present case for trial; and the court was not advised either in the motion for continuance, or in the motion for new trial, of the grounds for the motion in the federal court.

Aside from this, we think it would seriously interfere with the administration of justice to hold as a matter of law that attendance upon trial in one court by a party litigant is ground for continuance or postponement of another cause. A case might be presented in which under its peculiar circumstances the trial court ought to grant a continuance or postponement on this ground and to deny it would be abuse of judicial discretion. See Hill v. Clark, 51 Ga. 122. Ordinarily, where due diligence is shown and parties are acting in good faith, matters of this sort are readily adjusted in the trial court; and it is for this reason, no doubt, that there are so few cases upon the subject which have reached the appellate courts. But no special circumstances were shown in the present case, and the trial court appears to have been disposed to grant appellant every concession within its power without seriously impairing the chances of a trial of the case at that term, or interfering with the trial of other cases. The case had already been continued once upon the application of appellant, and upon the ground that he had not had opportunity to acquaint his counsel with the facts of the case. When the case was set for trial, there was no objection made by appellant's counsel, and appellant was notified of the setting the same day and no objection was made by him. It does not appear when the case at Fort Worth was set for trial. If before the setting of the present case, then it was certainly incumbent upon appellant to notify the court of that fact before or at the time the jury docket was set, so as to avoid a conflict. When the case was called for trial it was postponed from Monday until Thursday, in order to give appellant an opportunity to be present. The court, in qualifying the bill of exceptions to the overruling of the motion to postpone or continue,

states that the postponement was made to Thursday, "there being other jury cases set on the docket of this court for the succeeding jury weeks." The clear inference from this qualification is that the court was of the opinion that further postponement would interfere with the other settings on the jury docket, and that all the latitude consistent with the disposition of the docket had been allowed by granting the postponement from Monday to Thursday. There is no showing in the record that this was not the case. Under the circumstances, we do not doubt that the trial court acted properly without any abuse of its discretion in declining to further postpone the trial.

The other contentions in the motion were disposed of in the original opinion, and, in our judgment, are entirely without merit.

The motion for rehearing is overruled.

Overruled.