**Jack V. VICK, Appellant,**

v.

**Elton GEORGE, et ux, et al., Appellees.**

**No. 04–81–00417–CV.**

Court of Appeals of Texas,
San Antonio.

June 28, 1985.

Rehearing Denied Sept. 3, 1985.

Bernie Martinez, Frederick R. Zlotucha, San Antonio, for appellant.

Lewin Plunkett, Ty Griesenbeck, Jr., Plunkett, Gibson & Allen, John W. Bell, Robert L. Strickland, Jerry Morrell, Martin & Drought, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

The facts of this cause giving rise to a jury trial are fully set out in *Vick v. George*, 671 S.W.2d 541 (Tex.App.—San Antonio 1983) and *George v. Vick*, 686 S.W.2d 99 (Tex.1984). This is a suit for rescission of certain oil and gas contracts and for damages. The court of appeals reversed and remanded the case for a new trial; the supreme court reversed and rendered the judgment, agreeing with the intermediate court on its determination of the points of law but disagreeing that the entire case should be remanded. TEX.R. CIV.P. 435; 503.

Because of its remand of the case, the court of appeals did not determine the points of appeal argued by Jack V. Vick, one of the defendants. Since the remainder of the case has been finally resolved by the supreme court, it has directed this court to address only those remaining points at this time.

The points of error to be considered are: (1) certain special issues are multifarious and not supported by the evidence; (2) the trial court erred in not permitting Vick's counsel to object orally to the charge; (3) certain jury answers should have been disregarded; (4) the answers to submitted special issues fail to support the judgment;

and (5) the court erred in not permitting Vick's counsel to present closing argument.

It is undisputed that Jack Vick employed an attorney to represent him in a limited capacity only, "to file an answer in the cause, to review the pleadings for him and to advise the Court that he could not attend the trial of the matter." Although filing an answer, Jack Vick did not participate in the trial; he did not appear, nor did any attorney appear for him during the proceedings before the jury. No motion for continuance in his behalf was filed. After the evidence had been presented, the proposed jury charge was submitted to the counsel representing those parties who had participated at trial. Then a different attorney from the same law firm appeared and stated that Jack Vick "thereafter hired us for the limited capacity of simply bringing forth special issues."

Vick now maintains he was wrongfully denied the right under TEX.R.CIV.P. 272 to present orally his objections to the court's charge. Earlier the trial court questioned whether the attorney was in a position to represent Vick at this point, not having participated in the trial. The court, however, stated, "I'm going to permit you to make whatever statement or take whatever position you want to make in the record at this point." The attorney then was allowed to dictate his motion for instructed verdict for Jack Vick.

At the jury charge hearing the other parties dictated their objections to the charge as permitted by rule 272. When counsel for Jack Vick stated he had "multiple" objections to the charge the court responded it was not going to disallow this, but would permit the attorney to prepare any objections and exceptions and "submit them to the Court in the morning in writing, and the Court will permit [them] to go forward with this record as your Bill of Exception to the Court's denying you, at this point, the opportunity to urge objections and exceptions to the Court's charge."

The attorney protested that the time left before the case went to the jury for deliber-

ations was about ten and one-half hours (overnight). The record fails to disclose any written objections to the charge "... constitut[ing] a sufficient bill of exception to the ruling of the court thereon." See TEX.R.CIV.P. 272.

Rule 272 provides that either dictated objections or written objections to the jury charge may be submitted. Although this trial court did not permit oral objections to the charge to be dictated, its requirement for the written objections to be presented before submission of the charge to the jury would have allowed the court to examine them in a timely manner. It would also have preserved error, if any.

■ We find that Vick waived any objection by failing to object on specific grounds by written exceptions and objections to the court's charge. See Bellefonte Underwriters Insurance Co. v. Brown, 663 S.W.2d 562, 579 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); TEX.R. CIV.P. 274. While Vick did submit challenges specifically as to some of the special issues at a motion for new trial and on appeal, we must adhere to the rule that objections to the charge may not be raised for the first time on a motion for new trial or appeal. Estate of Arrington v. Fields, 578 S.W.2d 173, 177 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). Further, under the undisputed evidence of non-participation by Jack Vick or his attorneys in the trial, all of whom knew of the trial date, but did not submit a motion for continuance or excuse for absence, we cannot say the trial court abused its discretion in not permitting any objections and exceptions to be dictated orally rather than in writing.

■ We emphasize that we do not here determine whether a nonparticipating, deliberately absent defendant against whom the jury returns an unfavorable verdict has the absolute right to timely urge written objections and exceptions to that jury charge where the opportunity is denied by the court. We hold in this instance the defendant waived his objections by failing to preserve them in writing at that time.

We hold the objections must be made *before* the submission of the case to the jury. The trial court here did not deny Vick the opportunity to urge objections in writing and to do that in a timely fashion. Point of error two is overruled.

Appellant challenges certain of the special issues as they were submitted. Because the objections to any error in special issues which were submitted are not before this court on appeal, we overrule point of error one.

Jack Vick's points of error three and four, which question the legal sufficiency (no evidence point) of the evidence to support the finding of at least a partnership or joint venture between Jack and Calvin Vick, have been answered adversely to his position in the previous opinions. Further, we find there is no conflict between the answers of the jury. The points are overruled.

■ Vick's next contention is that reversible error resulted when the trial court denied him his right to present a jury argument. TEX.R.CIV.P. 269(a) provides "... the parties may argue the case to the jury." The rule concerns itself with the procedures of jury argument. It does not state that argument is required. It goes without saying that jury argument may be waived. Certainly jury argument is not mandatory. The question, then, is whether, under the present given circumstances, the trial court abused its discretion in not permitting jury argument.

■ Counsel for Vick stated to the court that the limited purpose for his presence was "to bring forth special issues." Argument was not mentioned until the request was made. To deprive a party *wrongfully* of the exercise of the right of jury argument, which is a valuable right, is reversible error. This is especially so when the issues are sharply conflicting. *Stolpher v. Bowen Motor Coaches*, 190 S.W.2d 376, 380 (Tex.Civ.App.—Fort Worth 1945, writ ref'd w.o.m.).

■ We find no Texas case wherein similar circumstances as in this case are recorded. One quite like this case, however, is *Gunn v. Gunn*, 95 Ga. 439, 22 S.E. 552, 553 (1895). That counsel appeared in a limited capacity on motions. The Georgia court held it was not error for the trial court to deny that counsel the right to argue to the jury. We believe the same reasoning is applicable here, and the trial court did not abuse its discretion in so refusing.

It is well known that jury argument involves a discussion of the evidence presented with deductions and inferences therefrom relating to the jury charge. Counsel attempts to answer the opposition argument which may have preceded. Further it is proper to point to inconsistencies in testimony, highlighting credibility of the parties or witnesses. *See generally* 3 R. McDONALD, TEXAS CIVIL PRACTICE, § 13.05.2 (rev. 1983).

Since it is not disputed that counsel for Jack Vick appeared in a limited capacity after the close of all the evidence, the argument could not be focused on deductions and inferences from the evidence as related to the jury charge. An analysis of relevant evidence would be impossible to relate.

We hold the court did not abuse its discretion in not permitting counsel to present a jury argument under the narrow circumstances of this case. The fifth point of error is overruled.

The judgment is affirmed as to Jack Vick. Costs of this appeal are equally apportioned against Jack Vick, according to the order of the supreme court which apportioned the costs among the parties.