Shivers *vs.* The State of Georgia.

---

SIDNEY C. SHIVERS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Upon the trial of a tax collector for embezzlement, transcripts from the books of the comptroller general and treasurer of the state, certified under section 3816 of the Code, are admissible in evidence to show a failure on the part of such defendant to pay over the taxes collected by him.

2. A motion for a continuance based on the ground that the indictment had been found only two days before the case was called for trial, and that the defendant's counsel had been constantly engaged in the business of the court to the exclusion of any opportunity of preparing the case, or even of consulting with his client, was properly overruled, it appearing that the defendant had been arrested under a warrant at the previous term of the court, and was then as fully informed of the nature of the accusation, as he was after the indictment was found.

Criminal law.  Embezzlement.  Evidence.  Continuance. Before Judge POTTLE.  Hancock Superior Court.  April Term, 1874.

Shivers was indicted for the offense of embezzling $11,-000 00, collected by him as tax collector for the county of Hancock, during the year 1871. He pleaded not guilty. When the case was called for trial, he moved for a continuance on the ground that the indictment had been found only two days previous thereto, and his counsel had been constantly engaged in the business of the court to the exclusion of any opportunity of making preparation in the case, or even of consulting with his client. The motion was overruled and defendant excepted.

It was shown by the prosecution that the defendant was the tax collector of Hancock county ; that the state tax, assessed for the year 1871, on the taxable property of said county, was $11,000 00 ; that the defendant had collected various amounts from divers tax-payers during that year ; that when the solicitor general, as agent for the comptroller general and treasurer of the state, demanded the $11,000 00 from him, he replied that he had collected and used the money and did not then have a dollar, but that "if they would give him a chance he would make it and pay it."

The solicitor general tendered in evidence the following papers :

"*Hancock county, S. C. Shivers, Tax Collector :*

"To general and poll tax, 1871.............................................$12,076 77
"1873. January 8th, by general tax paid treasurer.....284 05
"     "      "    poll    "    "    "    .....513 00

"OFFICE OF THE COMPTROLLER GENERAL
"OF THE STATE OF GEORGIA,
"ATLANTA, GA., January 24, 1874.

"I, W. L. Goldsmith, comptroller general of the state of Georgia, do hereby certify that the above and foregoing account of S. C. Shivers, tax collector of the county of Hancock, in said state, for the year 1871, is a full, true and complete exemplification taken from the books on file in this office, and there required to be kept by law, in which the accounts with said state, of all the tax collectors thereof, are kept and record-

ed according to law; that said account is truly and correctly taken and copied from said books; that the same is a full, true and complete exemplification of all the accounts of said S. C. Shivers, with said state, as such tax collector, from the year 1871, up to the present date, as copied and taken from said books; that the balance of $11,279 72 due thereon, is unpaid, and that the amounts credited thereon, January 8th, 1873, were paid by L. L. Lamar, tax collector of said county.

"Given under my hand, official signature and seal of office, 24th day of January, 1874.

(Signed)                    "W. L. GOLDSMITH,
                                      "Comptroller General."

Also, certificate from the treasurer, in similar form to transcript from his books covering all payments into the treasury during the month of December, 1871, from whatever source, among which none appeared as having been made by the defendant.

This evidence was objected to, but was admitted by the court, and defendant excepted.

The jury found the defendant guilty. A motion was made for a new trial upon each of the above grounds of exception. The motion was overruled, and defendant excepted.

As to the refusal of the continuance, the presiding judge certified as follows:

"When this case was called it was postponed for a day to give defendant's counsel time. The defendant was arrested the term before and brought before me under a warrant. When asked by the court if he wanted counsel, he said 'no.' If he wanted a trial, he said 'no.' He was fully informed then of the nature of the accusation, as much so as he was after the bill was found."

GEORGE F. PIERCE; M. W. LEWIS; F. L. LITTLE, for plaintiff in error.

SAMUEL LUMPKIN, solicitor general, for the state.

Shivers *vs.* The State of Georgia.

WARNER, Chief Justice.

The defendant was indicted for the offense of embezzlemen and on the trial thereof was found guilty by the jury. A motion was made for a new trial, on the several grounds alleged therein, which was overruled by the court, and the defendant excepted. Two grounds of error only have been insisted on here: First, the refusal of the court to grant the defendant a continuance on the showing made therefor; and second, in admitting in evidence the certified copies of the record books of the state treasurer and comptroller general, the defendant insisting that he was entitled to be confronted with the witnesses testifying against him, and that, in allowing the certified copies of the records kept by those officers to be read in evidence, the defendant was deprived of a constitutional right. By the law of this state, the certificate of any public officer thereof, of any record, document, paper on file, or other matter or thing in their respective offices, or appertaining thereto, is admissible in evidence in any court of this state: Code, section 3816. The mistake of the plaintiff in error in this case consists in the assumption that the certificates of the treasurer and comptroller general as to what appears on the records of their respective offices is the personal testimony of those officers, whereas, they only certify what appears on the records of their office. They were not personally examined as witnesses against the defendant. If they had been offered as witnesses against the defendant at the trial, they would necessarily have been required to testify in open court; their testimony could not have been taken by interrogatories. From the explanatory note of the presiding judge, and in view of the facts contained in the showing for a continuance, the defendant had reasonable time and opportunity to have prepared his defense. As a general rule, the court before which the case is tried will be allowed a liberal discretion as to the continuance of cases, and this court will not interfere with it, unless it has been manifestly abused and injustice done.

Let the judgment of the court below be affirmed.