BLAKELY BAGWELL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where the counsel upon whom movant almost exclusively relied to defend him were absent, one by leave of the court and the other on account of sickness, a continuance should be granted even though the court have strong reason to believe that the motion was made for delay.

Criminal law. Continuance. Before Judge HALL. Pike Superior Court. April Term, 1875.

Reported in the decision.

SPEER & STEWART, for plaintiff in error.

T. B. CABANISS, solicitor general; E. P. HOWELL, by Z. D. HARRISON, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of simple larceny, and on the trial thereof was found guilty. A motion was made for a new trial, mainly on the ground that the court re-

fused to continue the case on account of the absence of the defendant's counsel, Messrs. Speer & Stewart, one of whom had leave of absence from the court, and the other was detained at home by sickness. The motion for a new trial was overruled, and the defendant excepted.

It appears from the record and bill of exceptions, that the defendant was indicted at the April term, 1874, of the court; that at that term he continued his case on the ground of the absence of Hudson, who the defendant stated was his leading counsel, on whom he relied to make his defense, Hudson being absent by leave of the court on account of the sickness of his family. - When this showing was made, Stewart was present, and Speer was absent without leave of the court. At the next succeeding term of the court, when all of the defendant's counsel were present, after an ineffectual attempt to continue the case for the absence of witnesses, the defendant absented himself from the court, and his recognizance was forfeited. At the April term, 1875, the defendant was present, and again moved to continue his case on the ground of the absence of Messrs. Speer & Stewart, one of whom had leave of absence from the court and the other being detained at home by sickness, Hudson being the only one of defendant's counsel who was present. The defendant stated that he had relied on Hudson as his leading counsel until a short time before that date, but that he then relied on Speer & Stewart to manage his defense, and could not go safely to trial without their presence; that until Speer & Stewart were employed he had relied on Hudson, but since their employment he had relied on them almost entirely. The presiding judge states in his certificate, that he had no doubt that the defendant did rely on Messrs. Speer & Stewart from the first, almost exclusively, to make his defense, but that he swore, at the April term, 1874, after he had employed them, that he relied on Hudson, and that he was of the opinion that the last motion for continuance was made for delay, and therefore refused it. This court is reluctant to interfere with the discretion of the court below in refusing to grant a continuance of cases pending therein. The de-

fendant in this case was entitled to the benefit of counsel on his trial for the offense with which he was charged. There is no dispute that Stewart was unable to attend the court on account of sickness, and that Speer had leave of absence from the court. The judge certifies that he had no doubt that the defendant did rely on Speer & Stewart almost exclusively to make his defense, and having a knowledge of the professional *ability* of the counsel employed, including Mr. Hudson, he was in a favorable position to have formed a correct opinion as to that question, and such being his opinion, we think he should have continued the case, so as to have allowed the defendant to have had the benefit of their services on the trial thereof, notwithstanding the defendant had sworn twelve months before, that he *then* considered Hudson as his counsel on whom he relied at that time. The question for the court to decide when the last showing for a continuance was made was, on which of his counsel did the defendant *then* rely to defend him; and as the judge certifies that he has no doubt that he relied on Messrs. Speer & Stewart almost exclusively to defend him, he was entitled to the benefit of their services as his counsel on his trial. The defendant may or may not have sworn falsely when he made his showing for a continuance at the April term, 1874; it does not necessarily follow that he did, and we do not think the court should have assumed that he had for the purpose of refusing him a continuance on the showing made therefor in April, 1875: *Summerlin vs. Dent,* 36 *Georgia Reports,* 54.

Let the judgment of the court below be reversed.