## BERRISFORD *vs.* THE STATE OF GEORGIA.

|  |  |
|---|---|
| 66 | 53 |
| 106 | 227 |
| 66 | 53 |
| 117 | 35 |

1. Any writing in such form as to be the means of defrauding another, may be the subject of forgery, or alteration in the nature of forgery.
2. After an alteration had been shown in an instrument whereby its value was changed, evidence of its sale was admissible to prove a fraudulent intent.

Criminal law. Evidence. Before Judge HILLYER. Fulton Superior Court. October Term, 1879.

Reported in the decision.

L. J. GLENN & SON, for plaintiff in error.

B. H. HILL, JR., solicitor-general, for the state.

SPEER, Justice.

Plaintiff in error was indicted for the offense of forgery. The indictment alleged that the defendant, C. C. Berrisford, on the seventh day of July, 1879, in said county, did falsely and fraudulently alter and change and raise the following genuine order for goods or other things of value to-wit:

"Deliver me one 1100 lbs. P. P. S. on wheels for fifteen dollars at Mr. Morris'. July 7, 1879.     [Signed]     I. M. CRAWFORD,"

said above original order falsely and fraudulently altered, changed and raised by the said C. C. Berrisford, so as to read as follows:

"Twenty-five dollars. Deliver me one 1100 lb P. P. S. on wheels for twenty-five dollars at Mr. Morris'. July 7, 1879.     [Signed]
I. M. CRAWFORD."

Alleging that said Berrisford did falsely and fraudulently alter, change and raise the above order with intent to defraud said I. M. Crawford, etc. On the trial of said cause the jury, under the charge of the court, found the defen-

dant guilty. Whereupon he moved to set aside said verdict and for a new trial because:

1. The court erred "in admitting the order alleged to be raised, altered and changed, over the objection of defendant, in evidence to the jury, because said paper is not an order as is alleged in the indictment, and because said paper was so incomplete and imperfect that no one could or should have been defrauded by it."

2. Because the court erred in admitting the testimony of H. L. Smith as to the trading for and buying said paper of defendant.

3. Because court erred in charging the jury: "If the intention was to put the paper in circulation or sell it to somebody, that would be sufficient evidence of fraudulent intent."

4. Because the verdict is contrary to law and evidence.

Which motion was overruled by the court, and defendant excepted.

1. The 4442 section of the Code provides, "if any person shall falsely and fraudulently make, forge, *alter* or counterfeit  *  *  *  any bill of exchange, promissory note, or order for money or *goods or other* things of value, with intent to defraud any person or persons whatever," "any such person so offending," etc. It is claimed by defendant's counsel that the paper does not fall under either of the class of papers mentioned in this section—but there is another provision of the Code, section 4451, which was intended to include "any other writing" that may not have been embraced in the section already recited—as follows: "If any person shall fraudulently make, sign, forge, counterfeit or *alter*, or be concerned in the fraudulent making, signing, forging, counterfeiting or *altering any other writing* not herein provided for, with intent to defraud any person or persons, such person etc." It evidently was the intent of the legislature to embrace every species of writing that could be used or written in a form and with

·a view of defrauding another.. See Code, §§4442, 4451; 11 *Ga.*, 92; 59 *Ga.*, 184; 62 *Ga.*, 96.

2. The testimony of H. L. Smith who proved a purchase by him of the order after it was altered by defendant, was competent with a view of showing " the fraudulent intent on the part of the prisoner." 11 *Ga.*, 92 ; 59 *Ib.*, 784; 62 *Ib.*, 299.

Finding no error of law on the part of the court, and believing the verdict is sustained by the evidence, we see no reason to interfere with the judgment refusing a new trial in this case.

Let the judgment of the court below be affirmed.