titled to one sixth of that portion ot the estate devised to testator's wife for life and remaining on hand at her death, in the division of which between themselves each must account to the other for the amount she has already received from the testator, as directed by the will, so that their shares may be equalized as therein contemplated.                    *Judgment reversed.*

---

## BURNETT *v.* THE STATE.

CRIMINAL LAW. CONTINUANCE. PRACTICE. EVIDENCE. WITNESS.

1. A showing for a continuance on the ground of the absence and illness of leading counsel is not complete, under section 3525 of the code, without a statement on oath that the application is not made for delay only. Where the showing was thus deficient, and the presiding judge had given notice to both the leading and associate counsel a month before the trial that the case would not again be continued for illness of the former, it having been previously continued on the same ground, there was no abuse of discretion in overruling the motion.

2. The code, §4696, requires the evidence given in on the trial of a felony to be taken down; and by §4696(a), the official stenographic reporter is the officer to perform this duty. His report, proved by him to be correct, although he may not remember the testimony, is competent evidence in another case of what a witness swore upon the trial at which the report was made, in so far as the same may be pertinent and otherwise competent.

3. The State may read in evidence a part of such report without putting in the whole, the other party being at liberty to introduce the balance, or so much thereof as is pertinent. *Pound* v. *The State,* 43 *Ga.* 89.

4. What a witness voluntarily testified at a former trial of another party for the homicide is not privileged on a trial of the witness himself for the same homicide. It may be given in evidence against him as an admission.

5. It does not legally appear to this court that the verdict was not warranted by the evidence. ·          ·          *Judgment affirmed.*
   July 13, 1891.

From Crawford superior court. October term, 1890. Before Judge MILLER.

A. O. Bacon, M. G. Bayne and R. D. Smith, for plaintiff in error.

W. H. Felton, Jr., solicitor-general, by R. W. Patterson, contra.

## Moore v. Garland.

87 623
118 569

1. The charge of the court that Garland's assignment was sufficient, and that Moore could not go behind. it, was not error under the facts of this case.
2. It appears from the evidence that what Moore bought was a license to use and sell in Crawford county, and the evidence shows that he got what he bought.
3. It further appears from the evidence that Shellnut, the patentee, reserved the exclusive right to make the machines; and also, that he acquiesced in the license to Moore to use and sell.
   July 13, 1891.

Assignment. Charge of court. License. Before Judge Miller. Crawford superior court. October term, 1890.

Reported in the decision.

L. D Moore, by brief, for plaintiff in error.
W. S. Wallace, by brief, contra.

Lumpkin, Justice.

A case between these same parties, from which the litigation between them in the present case evolved, was before this court at March term, 1887, and is reported in 78 Ga. 764. It was then held it was no sufficient defence to plaintiff's action that no assignment of the patent-right had been made to defendant before demanding payment of his note, there being no evidence to show that defendant was to have such assignment before paying the note; and that, in the absence of such proof, the presumption from the note itself would be, he was entitled to such assignment when he paid the note. The judgment of the court below in