SIMMONS *et al. v.* WILLIAMS REALTY AND LOAN COMPANY *et al.*

No. 11933.  SEPTEMBER 15, 1937.  REHEARING DENIED DECEMBER 7, 1937.

158

*Judson Andrews, Homer A. Glore,* and *Augustine Sams,* for plaintiffs.

*McElreath, Scott, Duckworth & DuVall,* for defendants.

HUTCHESON, Justice. ■ We will first deal with the question whether the court erred in the grant of a nonsuit. The Code, § 110-310, declares: "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." "The awarding of a nonsuit is erroneous when the evidence for the plaintiff authorizes a finding that he has proved his case as laid." *Flewellen* v. *Flewellen,* 114 *Ga.* 403 (40 S. E. 301); *Kelly* v. *Strouse,* 116 *Ga.* 872 (4) (43 S. E. 280). The decree of the court in the main suit, cancelling the deed from the debtor, James T. Williams, to Williams Realty and Loan Company, was in effect, under the pleading, a judgment declaring Williams Realty and Loan Company a fraudulent grantee. As such it held the property conveyed by the fraudulent deed, or the proceeds thereof, in trust for the creditors of James T. Williams. *Beasley* v. *Smith,* 144 *Ga.* 377 (3), 380 (supra); *Young* v. *Wilson,* 183 *Ga.* 59, 69 (187 S. E. 44). The deed having been set aside and canceled as against the petitioner, she was at liberty to have the property levied on and sold to satisfy her execution against the debtor, James T. Williams. Her ancillary bill was nothing more or less than one seeking to have the court effectuate its own decree, in order to avoid further litigation of questions once settled between the same parties. See *Voyles* v. *Federal Land Bank of Columbia,* 182 *Ga.* 569 (186 S. E. 405); *Lester* v. *Baxter,* 184 *Ga.* 368 (191 S. E. 429, 111 A. L. R. 493). The order of the court in the instant case dated February 15, 1937, adjudicating that the original answer to the ancillary bill set forth no defense to the bill, and preserving for submission to the jury the sole issue of the amount of the proceeds from the sale of the property, unexcepted to, became the law of the case; and

under the above rulings the petitioner, upon introduction of evidence showing the amount of the proceeds, was entitled to have her case submitted to a jury for consideration. The fact that the defendants by amendment set up an alleged defense, which amendment had been allowed by the court, would have been no reason for the grant of a nonsuit. It may be well to note that the defendants introduced no evidence in support of the facts alleged in the amendment.

The defendants, in their brief and argument before this court, contend that the verdict and decree in the main suit is res judicata as to the relief now sought by the petitioner, and that they raised such question by moving for a nonsuit on that ground. While a former adjudication in the same case may be invoked by an oral motion or plea based upon an inspection of the record, without further pleading, the record in the instant case does not disclose that such question was raised in the lower court; neither does the order of nonsuit disclose that it was granted on this ground. Regardless of what may have actually happened on the trial of the case in the court below, this court determines the issues made and the questions to be passed upon on review by the record as sent to this court. Therefore it is not necessary for this court to determine whether the petitioner, by the verdict and decree in the main case, was precluded from asserting her rights against the proceeds from the property sold; nor is it necessary to determine whether, if the verdict and decree in the main suit were res judicata, such fact would be a ground for the grant of a nonsuit.

■ Did the court err in allowing the amendment to the answer to the ancillary bill? The allowance of the amendment, if error, was harmless in so far as the previous trial was concerned, no evidence having been introduced in support thereof; but inasmuch as the case goes back for another trial it is necessary that we determine whether the amendment should have been allowed over the objections raised. The amendment attempts to set up defensive matters which could have been pleaded and decided in the main suit. Under these circumstances, the parties being the same, the verdict and decree in the main suit, adjudging the conveyance from James T. Williams to Williams Realty and Loan Company fraudulent as against the petitioner, is res judicata as to the matters attempted to be set up by the amendment, and such verdict and de-

160

cree will be treated as having determined adversely to the defendants such matters as could have been set up in the main suit. Code, § 110-501. The court erred in allowing the amendment over the objection.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*