### 33921.  CROW *v.* THE STATE.

CARLISLE, J.  1. "Motions for continuances are addressed to the sound discretion of the trial judge (*Pittman* v. *Dorsey,* 25 *Ga. App.* 596, 103 S. E. 854); and for a ruling on such motion to be reversible error, it must appear that the court abused its discretion in not continuing the case. *Porter* v. *Porter,* 17 *Ga. App.* 456 (87 S. E. 707); *Adams* v. *State,* 50 *Ga. App.* 507 (179 S. E. 223); *Rothleutner* v. *Bateman,* 144 *Ga.* 103 (86 S. E. 215)." *United Motor Freight Terminals* v. *Driver,* 75 *Ga. App.* 571 (44 S. E. 2d, 156).

2. Under an application of the foregoing rules, the trial judge did not abuse his discretion in refusing a continuance of the present case, where it was not made to appear upon the showing for the continuance that the absent witness had been subpoenaed (*Walker* v. *State,* 52 *Ga. App.* 108, 182 S. E. 524); that the witness was not absent by the permission, directly or indirectly, of the applicant (*Teal* v. *State,* 17 *Ga. App.* 324, 86 S. E. 739); that the defendant expected to procure the testimony of such absent witness at the next term of court (*Cumby* v. *New Albany Box & Basket Co.,* 58 *Ga. App.* 843, 200 S. E. 307); and that such application was not made for the purpose of delay only (*Sutton* v. *State,* 70 *Ga. App.* 499, 28 S. E. 2d, 663); and special ground 1 of the motion for a new trial, therefore, is not meritorious.

3. The general grounds of a motion for a new trial which are not argued in this court or in the brief of counsel for the defendant, nor generally insisted upon, will be treated as abandoned. Code, (Ann.) § 6-1308, and the numerous cases cited under catchword "Abandonment" of that section.

4. The trial court's definition of a battery, "A battery is further defined as the unlawful touching or striking of the person of another by the aggressor, done with the intention of bringing about a harmful or offensive contact or apprehension thereof which is not legally consented to by the other and not otherwise privileged," of which the defendant complains in special ground 2 of the motion for a new trial, has been quoted from 4 Am. Jur. 125, § 2, by this court with approval in *Brown* v. *State,* 57 Ga. App. 864, 867 (197 S. E. 82); but whether or not the definition

12

is technically accurate, the defendant was not harmed thereby under the facts of this case, as the evidence of the assault and battery upon the prosecutor was uncontradicted. The only evidence introduced by the defendant went solely to the defense of alibi.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED APRIL 17, 1952.

*Johnson & Jones,* for plaintiff in error.
*O. L. Long,* contra.