### 23191. DICKERSON v. HARVEY.

Submitted November 9, 1965—Decided December 6, 1965— Rehearing denied December 20, 1965.

*Edward S. D'Antignac, John L. Respess, Jr.,* for appellant.
*Samuel Eplan,* for appellee.

Cook, Justice. The will of Mrs. Carrie D. Gaither was probated in solemn form in the Court of Ordinary of Fulton County on the application of the Reverend Adolphus S. Dickerson, who was named as the executor, and the main legatee in the will. Mary Lou Harvey, a sister and the sole heir at law of the testatrix, filed a caveat to the will on the ground of mental incapacity of the testatrix. In the caveat she alleged that she was 89 years of age, almost totally blind, and could not read, and she charged that her acknowledgment of service of the application for probate of the will was obtained by fraud. The ordinary, after hearing the matter, set aside the order of probate. On appeal to the Superior Court of Fulton County the jury returned a verdict on June 24, 1965, finding in favor of the caveatrix and against the probate of the will. The propounder filed a motion for new trial on the general grounds, and

this motion was denied by the trial judge on August 27, 1965. The propounder appealed to this court from the judgment entered on June 24, 1965, declaring the will null and void, and enumerated six grounds of error.

1. The first ground of error alleged is: "The court stated in the presence of the jury that the only question in the case was whether the testator had enough mental capacity to know what she was doing when she signed the will." This statement was made while ruling on evidence, and was not an instruction to the jury on the amount of mental capacity required under the law to constitute testamentary capacity. Counsel for the appellant was questioning a witness for the appellee on cross examination concerning another estate, and the trial judge ruled: "Well, we are not going into any other estate. The only question is whether this woman at the time this will was purported to have been signed by her, that she had enough mental capacity to know what she was doing. So I will sustain the objection." This statement in ruling on the admission of evidence was not erroneous.

2. The second specification of error is: "The court ruled that a witness could not give his opinion as to whether the testator knew right from wrong when she signed the will; this was not the test in a will case and applied only to criminal cases." The trial judge correctly ruled that the ability to distinguish right from wrong is not the proper test of testamentary capacity. For a discussion of the rules for determining testamentary capacity see *Lee v. Boyer*, 217 Ga. 27, 28 (1) (120 SE2d 757).

3. The third and fourth specifications of error are as follows: "(3) In charging the jury, the court informed the jury of results of the trial in the Court of Ordinary which results were adverse to the appellant. (4) In charging the jury, the court intimated that the appellant had practiced a fraud in connection with proceedings in the Court of Ordinary." These specifications are based on a portion of the charge as follows: "And then, gentlemen, you will find in this caveat considerable allegations about how service was perfected upon this heir, Mary Lou Harvey, which is claimed to be a fraud. And all that was done away with, and that service was vacated, and she was

permitted under order of the Ordinary to file a caveat, which is an objection to the probation of the will."

This instruction merely related some of the allegations of the caveat, and the disposition of the case in the court of ordinary. This court has held that it is not error to instruct the jury on the appeal in the superior court in regard to the judgment rendered in the court of ordinary. *Baucum v. Harper*, 176 Ga. 296 (6) (168 SE 27).

4. Ground 5 of the enumeration of errors is as follows: "In charging the jury, the court stated that one of the contentions of the caveator was that the testator did not have sufficient eyesight to read the instrument to know its contents, when caveator made no such contention." This contention is based on the following portion of the charge: "She says that the said Carrie D. Gaither did not have sufficient eyesight to read the instrument to know its contents, and that the service upon her was improper and illegal."

The trial judge obviously confused the names of the testatrix and the caveatrix in this instruction, and the statement was intended to relate to the contention of the caveatrix that service on her of the application for probate was not properly made. Subsequently in the charge the judge instructed the jury that the allegations with reference to service had been disposed of, and were not before them. He further instructed them that the only question for their consideration was whether or not the testatrix had sufficient mental capacity to make a valid will. While the instruction complained of was inaccurate, when it is viewed in connection with the entire charge, we do not think that it was such error as to require the grant of a new trial.

5. The sixth specification of error is: "The court incorrectly charged the jury on the burden of proof." This specification is based on the portion of the charge as follows: "And I instruct you, gentlemen, that the burden must be carried, in a case like this, by the party upon whom it rests, which I will explain to you in these instructions, to your satisfaction by the legal preponderance of the evidence in this case, that the allegations of the party upon whom the burden rests are true, except such facts as are admitted to be true, and they will be taken to be

true without the necessity of truth." The objection to the charge is that the last word, "truth", should have been "proof."

We have no doubt but that the trial judge intended to use the word "proof" at the conclusion of this sentence of his charge. Since both parties have burdens to carry in submitting evidence on the trial of a caveat to a will, the charge applied equally to both parties, and we do not think this inadvertent substitution of an inapt word was harmful to the appellant.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*