### 23558. WORLEY v. THE STATE.

DUCKWORTH, Chief Justice. The only specification of error in this case involving a conviction of statutory rape is that the evidence was insufficient to support the conviction since the testimony of the female child was not sufficiently supported or corroborated by other competent evidence. The corroborating circumstances are: (1) the miscarriage of the female child after pregnancy; and (2) the availability of the defendant to commit the crime—his own sworn testimony being that he had carried the child alone on numerous occasions to gather vegetables out in the country during a period of several months prior to the miscarriage, which when added thereto is sufficient to corroborate her testimony that her father had had sexual intercourse with her many times and she did not disclose it until her miscarriage because she was afraid to tell anyone. Since the quantum of corroboration is left entirely to the jury, the ground of error is not merito-

rious. See *Code* § 26-1304; *Suber v. State,* 176 Ga. 525 (168 SE 585); *Rivers v. State,* 179 Ga. 782 (177 SE 564); *Reed v. State,* 201 Ga. 789 (41 SE2d 426).

*Judgment affirmed. All the Justices concur.*

Argued June 14, 1966—Decided June 23, 1966.

*Smith, Gardner, Kelly & Wiggins, M. M. Wiggins, Jr., James W. Smith,* for appellant.

*Robert W. Reynolds, Solicitor General, Arthur K. Bolton, Attorney General, Mathew Robins,* for appellee.