## 44024. DOWDA v. THE STATE.

WHITMAN, Judge. 1. The appeal in this case is from the denial of the defendant's motion for new trial as amended. One of the special grounds of the motion was that the trial court abused its discretion in denying a motion for a continuance by defendant's counsel. Disallowance of the continuance is enumerated as error.

At the defendant's arraignment on April 5, 1968, pursuant to the return of an indictment charging him with larceny, the court inquired of him whether he had an attorney. The defendant responded: "Not yet, but I will have, sir." The following conversation also transpired between the court and the defendant: "Q. How much do you earn? A. Approximately $120 a week. Q. Do you have any family? A. Yes, sir. Q. How many? A. One six days old. Q. Is your wife employed? A. No, sir." The court then stated to the defendant: "I think, if you make that kind of money, even with a family, you can afford to hire your own lawyer. Have your own lawyer, otherwise you will have to defend yourself."

The defendant's trial was set for 10 days later, on April 15, 1968.

On April 15th, the defendant had no lawyer. Upon being informed of this by Solicitor General Smith, the court stated: "He can represent himself, then." There was no inquiry of defendant regarding why he was now unrepresented after he had said previously that he would be. A courtroom was assigned for the trial.

When the case was reached the following day, April 16th, Mr. Russell A. Ford, Attorney at Law, appeared for the defendant and the record shows the following: "Mr. Ford: 'I'd like to make a motion on this Dowda case. He said he was going to get a lawyer. He tells me he contacted several and he can't get up the money. He lost his job as a result of this warrant, his wife had a baby, he lost his insurance benefits, and he is now working for Mr. Hembree, and Mr. Hembree called Mr. Smith, he told him to come up to his office on arraignment day and then told him to come up here, he came to my office about five minutes to five yesterday afternoon, I could only talk to him a little bit; my secretary is in the hospital as a result of an automobile accident; I have not seen the indictment, I don't know what he is charged with; I understand there are probably some witnesses to the circumstances, I haven't had a chance to see them. If I go on trial today it will be just about like him going to trial without a lawyer. I know absolutely nothing about it. I'd like for it to be continued. I thing the case is only about a month old.' The Solicitor: 'Your Honor, on this case, I have already turned down Mr. Jean Johnson, Jr. He came to my home Sunday afternoon about this case. The defendant, Dowda, was here on arraignment day, he was told at that time—and he made the statement that he could get his own attorney—he came back in here Monday, I continued it for him again until this morning, and he has been—I think he has talked to Your Honor about it two or three times; the State witnesses are here. If there is any injustice working by the fact that he hasn't got a lawyer it is his own fault because he was told about it. He told Mr. Jean Johnson, Jr. that he had a fee being wired to him by his folks, that is what Mr. Johnson told me Sunday afternoon, and Monday morning he told me he didn't get the money, so any injustice that is resulting here would be as a result of what he had told the court and what he has misrepresented to the court and not any fault on the part of the State. The State is ready and we expect to try the case. . .' The Court: 'I can't see that there is any ground for a continuance in the case because he has had ample opportunity in which to get a lawyer. I know that is not your fault, it is his fault and it is going to have to be laid squarely at his doorstep. I am not prepared—I think that people get the idea that

since the Supreme Court has been so liberal in some of its rulings that all they have to do is come to court at their convenience. We pay jurors to come here, they have to leave their businesses to come, they don't come at their convenience, and they have to come to court. We have to operate the court and it costs a lot of money to operate the court. I am not prepared—at least, I don't think the Supreme Court has held we are going to try these cases at the convenience of the defendants, we are going to try them as they come in their natural sequence. One of our problems, and one of the reasons we have been behind in our criminal calendar is because we have been too liberal in continuing cases. We have to do it or we are going to find ourselves back-logged. I know that is not your problem and I am not saying it for your benefit, Mr. Ford, I am laying this at the feet of your client. He talked to me about it and I think he talked to the solicitor, and I understand he talked to another attorney here in town. I can't see any ground for continuance there, when a man has had ample opportunity to retain a lawyer. You know, you don't buy things on the easy payment plan. . . .' Mr. Ford: '. . . I am saying this: I haven't seen the accusation and I understand there are some witnesses, people, involved that I haven't had an opportunity to see them, and if I go to trial on this case today, I won't feel that I can adequately represent the man.' The Court: 'Well, if I do that, then I am just playing his game with him, I am letting him go, and the next day he may let you go and have another lawyer. . . You have been honest, and I understand you have to make the motion for continuance. The motion for continuance is not being refused because of you, the motion for continuance is being refused on account of the negligence of your client in not being able to go to trial in the case and not retaining you."

2. The continuance of cases is a matter addressed to the trial judge's sound discretion, and his decision upon such a motion will not be disturbed unless there was an abuse of discretion. *Blackston v. State,* 209 Ga. 160 (2) (71 SE2d 221), and citations.

It appears from the record of the proceedings that the trial court was of the opinion that the defendant may have had the idea from Supreme Court rulings that it was unimportant

that counsel be retained at such time as would afford ample opportunity for preparation for trial at the date set, and that to grant the requested continuance the court would be "just playing his [defendant's] game with him"; that the court in granting a continuance would be letting the defendant go, and the next day the defendant might dispense with the services of the lawyer then representing him and moving for the continuance and thereafter have another lawyer. However, it also appears that the continuance was denied because the defendant had stated that he would retain an attorney and then had not done so. This was characterized by the solicitor as a misrepresentation. It was denoted by the court as "negligence." Is mere failure to succeed in retaining an attorney negligence? No. Is it a misrepresentation? Only if defendant had no intention to do so from the outset or no effort was made. It affirmatively appears that the defendant did make such an effort and, further, that the court and the solicitor were aware of same. That such effort was made is further supported by an affidavit attached to defendant's motion for new trial wherein he sets forth the names of three lawyers he tried to retain, but avers he was unable to do so because each wanted a retainer fee of five hundred dollars, which he did not have.

3. In our view, the real question presented under the circumstances in this case was whether the defendant could properly be defended. We are not satisfied that it was considered. "Article I, Section I, Paragraph V of the Constitution of this State declares that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. This constitutional privilege would amount to nothing if the counsel for the accused are not allowed sufficient time to prepare his defense." *Blackman v. State,* 76 Ga. 288, 289 (1886). Counsel for the defendant stated that he had been engaged only the evening before; that he was unprepared to defend. We think the motion was properly and timely made and that a postponement or a continuance should have been granted. See also *Smith v. State,* 215 Ga. 362 (1) (110 SE2d 635); *Sheppard v. State,* 165 Ga. 460 (1) (141 SE 196). We are aware that the attorney herein was not an appointed attorney, but we can see no difference in the position he occupied, it not appearing,

as we have discussed, that it was due to any lack of diligence or to any "negligence" by the defendant.

A new trial is required.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED OCTOBER 7, 1968—DECIDED JANUARY 31, 1969.

*Glenn Zell,* for appellant.

*Ben F. Smith, Solicitor General,* for appellee.