### 25475. STYLES v. THE STATE.

FRANKUM, Justice. The defendant was convicted of murder and recommended to the mercy of the court. A sentence of life

imprisonment was imposed and he appealed from the judgment of conviction and sentence, after making an amended motion for a new trial, which was overruled. He did not appeal from that judgment. *Held:*

1. In his amended motion for new trial, the defendant contended that the court erred in denying his motion challenging the constitutional make-up of the jury panel trying him on the ground that same was not a representative cross-section of the community by virtue of the deliberate, systematic and arbitrary exclusion of females and persons entertaining scruples about the death penalty; that the court erred in trying him for murder the second time after he had been once impliedly acquitted of that offense by reason of his prior conviction of the lesser offense of manslaughter on the same charge. Pretermitting any question as to whether these points are such as may properly be made in a motion for new trial under the present Appellate Practice Act, no exception is taken in the appellant's enumerations of error to the overruling of the motion for new trial as amended, or to the ruling with respect to any particular ground thereof. Therefore, insofar as the argument of counsel for the appellant in his brief may be construed as an attempt to present to this court the same questions as were raised in the amended grounds of his motion for new trial, they cannot be considered under the rulings of this court in *Hill v. Willis,* 224 Ga. 263, 268 (161 SE2d 281) ; *Bryan v. State,* 224 Ga. 389, 390 (162 SE2d 349), and *Tiller v. State,* 224 Ga. 645 (164 SE2d 137).

2. With respect to the only other question presented by this appeal in appellant's enumerations of error, it is sufficient to say that the Court of Appeals had the same question before it on appeal from Dougherty Superior Court in the case of *Burns v. State,* 119 Ga. App. 678, 679 (168 SE2d 786), wherein it appears that substantially the identical evidence which was before the trial court in this case was before the Superior Court of Dougherty County; and where substantially the same challenge to the array of both the grand and the traverse juries was made, that is on the ground of alleged systematic exclusion of Negroes from the jury box. Judge Eberhardt, writing for the Court of Appeals in that case, rejected the contention of the appellant there with respect to that issue, and in a well-considered opinion found no merit in the challenge. We can add little to what was there

said, and we affirm the ruling of the trial court in this case on the principles set forth by the Court of Appeals in that case. It follows that the court did not err in overruling the defendant's challenge to the array of the grand and traverse juries, or in denying the motion to quash the indictment on the ground that the grand jury was "unconstitutionally composed."

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1969—DECIDED NOVEMBER 12, 1969.

*C. B. King,* for appellant.

*Robert W. Reynolds, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.