45719.  McLENDON v. THE STATE.

ARGUED OCTOBER 8, 1970—DECIDED JANUARY 21, 1971—
REHEARING DENIED FEBRUARY 11, 1971—CERT. APPLIED FOR.

*Jackson & Handler, Bernard Parks,* for appellant.
*Kenneth E. Goolsby, District Attorney,* for appellee.

EVANS, Judge. The defendant appeals from his conviction on four counts of forgery and from the dismissal of his motion for new trial as amended. The main thrust of the appeal is that the

trial judge erred in denying defendant's motions for a continuance in the case.

The following statement of facts as shown by the transcript and record is necessary for a decision in this case:

A criminal warrant was issued for the defendant in Wilkes County, charging him with forgery, and he gave bond (bail) for his appearance shortly before the grand jury convened in said county at the August term 1967, at which time the grand jury indicted him for forgery. Three months later, at the succeeding term of Wilkes Superior Court, the case was called for trial, notice of arraignment having been previously given defendant. Thus it will be seen that defendant had three full months in which to engage counsel to represent him in said matter.

After the convening of court on Monday morning (first Monday in November, November 6, 1967), when his case was called, defendant stated to the trial judge in open court that his former attorney, Marion Gaines Hill, did not represent him and the judge allowed him until Tuesday morning to secure an attorney. On Tuesday morning the defendant stated that he had not employed an attorney but would have one in about two minutes as he had previously talked to Attorney Lawson E. Thompson relative to employment. Immediately afterwards, Attorney Thompson stated he was employed the night before to represent him in the case of forgery and also in another criminal charge against the defendant in the same court. It is noted here that Thompson also stated he had talked to the defendant on Friday or Saturday. Attorney Thompson moved for a continuance, pleading his own lack of time for preparation, and as a part of the motion to continue, defendant was sworn and testified that he had previously employed attorneys Leroy Johnson of Atlanta and Marion Gaines Hill of New York, to represent him at the August term 1967 (the term at which the indictment was returned), and said attorneys told him his case was "thrown out of court." No substantiation of defendant's testimony as to his having been so informed by said attorneys was ever made by either of the attorneys or by any other person.

The trial judge overruled the motion to continue and defendant was placed on trial for another offense (a traffic violation case),

being represented therein by Attorney Thompson, which trial consumed the balance of that day.

On the following day the forgery case was again called for trial, and Attorney Thompson announced that he no longer represented defendant, and that his representation terminated at the end of the preceding day. No explanation was given as to why such representation was terminated, and thus it may be fairly inferred that defendant voluntarily discharged said attorney.

Then Attorney Maynard Jackson, of the Atlanta Bar, announced that he was appearing on behalf of defendant for the sole purpose of moving for a continuance because of the absence, through illness, of Attorney Marion Gaines Hill of New York (who was defendant's uncle), stating that Attorney Hill represented defendant. It was shown that Attorney Hill dispatched a telegram from New York to the trial judge, advising that he was ill, with no suggestion as to the duration of his illness or when he would be able to try the case.

Attorney Jackson also suggested that there was a witness of defendant's in New York, but no suggestion was made that he was under subpoena; or that he resided in Wilkes County; or that his testimony was material; or that he was not absent by permission; or that his testimony was expected at the next term of court, or that the motion was not made for the purpose of delay, all of which is absolutely required by *Code* § 81-1410, as amended (Ga. L. 1959, p. 342). The absence of this witness will therefore not be considered further in this discussion.

At no time was a temporary postponement of the case requested by defendant, but the motions were to continue the case for the term.

The trial court stated that defendant had been allowed three months in which to make proper arrangements for representation by counsel, which he felt was sufficient time; and stated further that the defendant had told the trial judge in open court on Monday of that same week that Attorney Marion Gaines Hill *did not represent him,* and the judge did not feel that he should grant a continuance because of Attorney Hill's absence. No showing of any nature or mention was made by defendant as to the reason for the absence of Attorney Leroy Johnson.

It was shown by the State that the prosecutor was an aged man, that he was in poor health; and that the State had present a witness, resident of New York, at the State's expense, having also had him present at the preceding term of court.

The trial judge suggested to Attorney Maynard Jackson that he would allow him the opportunity of completing his showing on the motion for continuance by placing sworn testimony in the record, if he desired, but said attorney did not avail himself of said invitation and no sworn testimony whatever was introduced on Attorney Jackson's motion to continue.

Attorney Jackson stated that he himself was not sufficiently prepared to represent defendant, as he had appeared for the sole purpose of moving for a continuance because of the absence of Attorney Hill, but that he would represent the defendant, and the court ordered a recess of 30 minutes additional time, after which the trial proceeded.

The trial resulted in a verdict of guilty under which the defendant was sentenced to serve two years in prison. A motion for new trial was filed, but no · copy of this motion or of the rule nisi therein was ever served upon State's counsel. The motion for new trial was amended, and said amendment was served on State's counsel, and the motion remained in a dormant state for the next two years and nine months. Then the trial judge on his own motion, in writing, notified defendant's counsel and State's counsel to appear in Wilkes Superior Court at Washington at 12 noon on August 3, 1970, for a hearing and disposition of defendant's motion for new trial. The notification stated that if the time and place were not convenient to counsel the court would re-schedule the motion for a hearing at an earlier date.

At the time and place for said hearing the court called the case, and no appearance was made by the defendant or his counsel. The State's counsel moved that the case be dismissed for want of prosecution. The court granted this motion and entered an order "overruling and dismissing the motion for new trial as amended for lack of prosecution."

■ Did the trial court properly dismiss the motion for new trial when neither defendant nor his counsel appeared at the time and place set for hearing argument, and State's counsel moved for

dismissal for want of prosecution? It appears beyond any question that the trial court was correct in granting the State's motion to dismiss. Defendant's brief contends his lawyer appeared about eight minutes later, and had been prevented from attending earlier for providential reasons, to wit: traffic congestion because of work on the highway between Washington and Atlanta, Ga. There was no motion made before the trial judge to reinstate the dismissed motion for such reason, and no mention of these facts is made in the transcript or record, it appearing only in the brief. But even if a motion to reinstate had been made, work on the highway could not be classified as "providential reason for delay." The motion for new trial had already been pending for approximately two years and nine months, and it was incumbent upon defendant or his counsel to appear at the time and place finally set for hearing, especially as the court's order instructed counsel to advise if this date was not convenient and he would re-set it.

If he had made a motion to reinstate, after his counsel reached the courtroom (which he did not do), and if he could have supported such motion by showing his delay was for providential reasons (which could not have been done in this instance), then this court could have dealt with that question. But in the present state of the record, no motion to reinstate was made, and this question is not before us. It follows that the enumeration of error complaining of the dismissal of the motion for new trial is not meritorious.

The affirmance of this ruling on the dismissal adverse to the appellant establishes each and every point or question therein raised in the motion for new trial as finally settled between the parties against the movant as the law of this case. The appellant had elected to further extend the proceedings in the lower court by staying the final judgment in filing the motion for new trial, instead of appealing directly from the rulings of the court. By suffering a dismissal of this appeal by motion in the lower court it became final against him when affirmed by this court.

Thus the "law of the case" was established against defendant's contentions respecting each complaint made in his motion for new trial, as amended. The following Supreme Court cases are cited here due to their similarity to this issue, but not as absolute con-

trolling authority. See *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281); *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Staggers v. State,* 224 Ga. 839 (165 SE2d 300); *Styles v. State,* 225 Ga. 731 (1) (171 SE2d 310). Whether or not the Georgia court of last resort will follow the above ruling is uncertain, but following the rule of stare decisis as set forth in cases too numerous to mention here, the dismissal of the motion for new trial resulted in a ruling against the appellant on the issues raised therein which, if unreversed, establishes the same against him. While our new appellate procedure attempts to track the Federal rules, the two are not completely identical, and we must wait years to completely settle all possible issues which can result or appear by this drastic change in our appellate practice procedure.

■ Pretermitting the question of whether or not the dismissal of the motion for new trial when affirmed established the law of the case as to each and every complaint contained therein, we move on and consider the errors enumerated herein, even though the writer is of the opinion that the movant having suffered a judgment against him on these questions, the affirmance of same has established the law of the case thereon affirmatively against him. We therefore consider now the main thrust of the appeal, that is, that the trial court erred in denying defendant's motions for a continuance in the case.

In this case a warrant was sworn out, and the defendant was released on bond before the August term, 1967, as to said criminal charge of forgery, which actually allowed defendant more than three months before the November term of court in which to prepare for trial. It is the defendant's duty to employ counsel to aid in the preparation of his defense in advance of the trial of the case. *Hall v. State,* 22 Ga. App. 112 (1 b) (95 SE 936); *Shivers v. State,* 53 Ga. 149 (2). And see *Roberts v. State,* 32 Ga. App. 339 (123 SE 151); *Duke v. State,* 104 Ga. App. 494 (122 SE2d 127); *Bradley v. Sherwin,* 110 Ga. App. 632 (8) (139 SE2d 512).

It has been held that where a party has had several months in which to employ counsel and neglects to do so, no continuance will be granted for such reason. *Gunn v. Gunn,* 95 Ga. 439 (1) (22 SE 552).

Thus, where the defendant is out of jail and under bond, he

should employ counsel to represent him. *Hall v. State,* 22 Ga. App. 112 (1) (95 SE 936); *Boyd v. State,* 63 Ga. App. 84 (1) (10 SE2d 271).

Likewise, absence of counsel is not a favored ground of continuance. *Poppell v. State,* 71 Ga. 276 (2); *James v. State,* 150 Ga. 76 (1) (102 SE 425).

When the motion to continue was made, it is not clear as to the status of Attorney Leroy Johnson, respecting whether he still represented defendant and whether defendant still relied upon him. Defendant did say Attorney Johnson was representing him at the August term, 1967, and advised him his case was "thrown out of court," but said attorney was not further accounted for and we can only speculate as to whether defendant still relied upon him or not when his case was called at the November term, 1967.

Where counsel is ill when employed, a continuance because of such illness will not be granted. *Blackwell v. Jennings,* 128 Ga. 264 (1) (57 SE 484).

Here it was shown that defendant told the trial court on Monday morning that Attorney Hill did not represent him, but later in the week he did represent him but was ill, in New York. The only conclusion possible is that he was employed after Monday morning and the telegram concerning illness having failed to state the details concerning the illness, including its probable duration, it must be presumed that Attorney Hill was ill when employed.

If counsel is ill on the day of trial, he is required to seek "a temporary postponement," and not a continuance for the term, unless a showing is made that he will be ill for a lengthy period. *Wright v. State,* 184 Ga. 62, 65 (190 SE 663).

In order to secure a continuance because of illness of counsel, the party making the application *must swear* that he cannot go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only. See *Code* § 81-1413. The application for continuance in this case, first of all, was not sworn to by the party; next, it was not shown that the services of the attorney were expected at the next term of court, and that the application was not made for delay only.

There is an absolute requirement that the application must

show *on oath* that the motion is "not made for delay." See *Wall v. State,* 126 Ga. 86 (1) (54 SE 815); *Burnett v. State,* 87 Ga. 622 (1) (13 SE 552); *McKenzie v. State,* 72 Ga. App. 208, 216 (33 SE2d 539).

The motion to continue must show the services of absent counsel are expected at the next term. *Wright v. State,* 18 Ga. 383 (2); *Wall v. State,* 126 Ga. 86 (1), supra; *Smith, Son & Bro. v. Printup Bros. & Co.,* 59 Ga. 610 (1); *Lamar v. McDaniel,* 78 Ga. 547 (2) (3 SE 409); *Butler v. Ga. Agricultural Credit Corp.,* 37 Ga. App. 390 (1) (140 SE 426).

Generally, granting or refusing a continuance is a matter within the discretion of the trial court, and unless abused, such discretion will not be controlled. *Revel v. State,* 26 Ga. 275 (2); *Long v. State,* 38 Ga. 491 (4, 5); *Simmons v. State,* 116 Ga. 583 (42 SE 779); *Hardy v. State,* 117 Ga. 40 (1) (43 SE 434); *Turner v. State,* 70 Ga. 765; *Griffin v. State,* 208 Ga. 746 (69 SE2d 192); *Crow v. State,* 86 Ga. App. 11 (1) (70 SE2d 601).

For all the foregoing reasons it is clear the lower court did not abuse its discretion in denying the motions for continuance.

■ It appears from the record that the accused has been represented by several lawyers of his own choice from the beginning of this case to the present. It is true that counsel who tried the case was not his leading counsel, to wit: Mr. Hill, who apparently was sick and unable to attend the trial. However, the changing of attorneys from Hill and Johnson to Thompson, and then to Hill (sick) and Jackson, was all of the accused's making, not the court's. There is no merit in any of the complaints that he was not afforded the benefit of counsel of his own choosing.

■ Since the penalty for forging a deed (*Code* § 26-3901) is from four to ten years, the charge of the penalty for forgery under *Code* § 26-3914 of from two to five years was helpful rather than harmful to the accused, as a charge under *Code* § 26-3901 might have resulted in a greater sentence. The complaints of error on the failure to charge the law as to forgery of a deed and in charging instead the lesser penalty under *Code* § 26-3914 are not meritorious. Nor did a charge under *Code* § 26-3914 render the indictment defective since it is not necessary that the forgery result in a perfect instrument. *Allgood v. State,* 87 Ga. 668 (13 SE

569). See also *Berrisford v. State,* 66 Ga. 53 (1); *Chambers v. State,* 22 Ga. App. 748, 751 (97 SE 256), and cases cited therein.

■ The evidence here was sufficient to support the verdict of guilty, and none of the errors enumerated claiming the evidence was insufficient is meritorious. The error complaining of the rescinding and revoking of appellant's superseadeas bond is considered to be moot since the court here affirms the judgment.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur. Pannell and Whitman, JJ., concur in the judgment only. Jordan, P. J., Hall, P. J., Eberhardt and Deen, JJ., dissent.*

HALL, Presiding Judge, dissenting. The Georgia and United States Constitutions do not promise merely the facade of legal representation to one accused of a crime. The right to counsel is an empty privilege if it does not comprehend the right of counsel to prepare. "The defendant needs counsel and counsel needs time." Hawk v. Olson, 326 U. S. 271, 278 (66 SC 116, 90 LE 61).

1. Defendant was indicted and arrested in August of 1967. He immediately employed counsel, his brother-in-law, M. G. Hill, and Leroy Johnson. Upon his release from jail, these lawyers told him that his case had been "thrown out." Three months later, while defendant was hospitalized in Atlanta, he learned through his wife that the sheriff had been to his house with a notice of arraignment. Defendant was released from the hospital on November 3 and tried to reach his lawyers. He discovered that Hill was in a hospital in New York and Johnson was out of town. He appeared alone at calendar call on November 6, but on November 7, the date set for trial, he appeared with an attorney, one Thompson, who requested a continuance on the ground of insufficient time to prepare. The court refused to grant a continuance but did set the case over to the next day when Thompson announced that he did not represent defendant. However, Attorney Maynard Jackson was in court and stated that he was there at the request of chief counsel Hill for the sole purpose of making, on Hill's behalf, a motion for a continuance on the grounds that he was physically unable to be there and that he was specifically qualified to handle the case. Jackson further stated that he was absolutely unprepared to try the case. The court denied the motion and told Jackson he could have 30 minutes to prepare. The case came on for

trial with Jackson acting as his counsel, and defendant was convicted.

In my opinion these circumstances fall squarely within the rule set out by this court in a recent case with very similar facts: "the constitutional mandate of this State is clear . . . that every defendant charged with a crime in this State is entitled to be defended by counsel of his own selection whenever he is able and willing to employ one, and uses reasonable diligence to obtain his services, and that where this appears he should not be deprived of representation by the counsel which he chose, or forced to trial with the assistance of counsel appointed by the court. . . The trial court erred in refusing to delay the trial at least sufficiently to determine whether it could be held with representation by selected counsel and without undue delay." *Long v. State,* 119 Ga. App. 82, 84 (166 SE2d 365). See also *Smith v. Greek,* 226 Ga. 312 (175 SE2d 1); *Fair v. Balkcom,* 216 Ga. 721 (119 SE2d 691); *Bagwell v. State,* 56 Ga. 406; *Dowda v. State,* 119 Ga. App. 124 (166 SE2d 404).

Compare the facts in *Long v. State,* supra, with the case sub judice:

| Long. | McLendon. |
|---|---|
| Trial had been previously postponed four times. The motion for continuance was seeking a fifth postponement. | Trial had been previously postponed for only one day from date set for trial. Motion for continuance made on this date. |
| Ground of motion was that the wife of his hired counsel was ill and necessitated counsel's absence. | Ground of motion was that his hired counsel was ill in New York and unable to attend trial. |
| Motion made by counsel who was an associate of his hired counsel. | Motion made by counsel who had no law practice relationship with his hired counsel. |
| Time between indictment and date of trial was seven months. | Time between indictment and date of trial was three months. |

| Long. | McLendon. |
|---|---|
| Counsel who made motion said he was there for the sole purpose of moving for a continuance and not prepared to try case. | Counsel who made motion said he was there for the sole purpose of moving for a continuance and was not prepared to try case. |
| Trial court erred in refusing to delay the trial. | Trial court did not err in refusing to delay the trial. |

It is true that the trial judge has a discretion as to the time allowed counsel to prepare his case. Where the question is one of weeks or days, the matter should in the main rest with the trial judge. In some rare circumstances, there may be an exercise of discretion even where the question is one of several hours. To say this discretion extends to a matter of minutes in a felony case is to reduce the right to prepared counsel to an absurdity.

2. The majority opinion raises sua sponte the question of whether the trial court's ruling on the above question became the law of the case so as to eliminate defendant's right to prepared counsel by means of a procedural maze.

Defendant's first enumeration of error is on the denial of his motion for continuance without any reference to the dismissal of his motion for new trial. *Code Ann.* § 6-702 provides that a motion for a new trial need not be filed as a condition precedent to appeal, need not be transmitted as a part of the record on appeal (if the motion is made), and that it shall not be necessary that the overruling thereof be enumerated as error on appeal. Prior to *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281), the Supreme Court decided three appeals from which the overruling of a motion for a new trial was not appealed, yet the court considered enumerations of error on the same questions which were raised in the motion for new trial. *Worley v. State,* 222 Ga. 319 (149 SE2d 682); *Roach v. State,* 221 Ga. 783 (147 SE2d 299); *Dickerson v. Harvey,* 221 Ga. 606 (146 SE2d 310). See in this regard the dissenting opinion of Justice Mobley in *Hill v. Willis,* supra, p. 269.

This procedure was modified in *Hill v. Willis,* supra. The Supreme Court, in a split decision, held that where a motion for new

trial is *overruled* by the trial court, the judgment establishes the law of the case as to questions raised by the motion unless the judgment on this ruling is enumerated as error on appeal.

The doctrine of the law of the case "is nothing more than a special and limited application of the doctrine of res judicata." 21 CJS 330, 331, § 195, citing *Williams Realty &c. Co. v. Simmons,* 188 Ga. 184 (3 SE2d 580); *Simmons v. Williams Realty &c. Co.,* 185 Ga. 154 (194 SE 356). Both this court and the Supreme Court have consistently held that a dismissal is not "res judicata" or the "law of the case" so as to bar a subsequent ruling on the merits of a ground where the previous dismissal was not based upon the merits. *Keith v. Darby,* 104 Ga. App. 624 (1) (122 SE2d 463) and cases cited; *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d 648); *Barber v. Dunn,* 226 Ga. 303 (174 SE2d 898); *Bregman v. Rosenthal,* 212 Ga. 95 (1) (90 SE2d 561).

It is clear therefore that the dismissal of a motion for new trial cannot be the law of the case as to the merits of the ground in the motion for new trial (that the trial court erred in denying a motion for continuance) so as to prevent this court from passing on a direct enumeration on this ground (denial of motion for continuance) from the final judgment.

The Supreme Court has made it abundantly clear that *Hill v. Willis,* supra, should not be extended beyond its specific holding. *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Gainesville Stone Co. v. Parker,* 224 Ga. 819 (165 SE2d 296); *Staggers v. State,* 224 Ga. 839 (165 SE2d 300). It applies only where the motion for new trial has been overruled and there is no enumeration of error on this ruling.

It should be remembered that we are not only dealing with the defendant's right of counsel under the Georgia Constitution but with the same right under the United States Constitution. The day is long past when state procedural devices can be created sua sponte to interfere with federally created rights. Brown v. Western R. of Alabama, 338 U. S. 294 (70 SC 105, 94 LE 100).

In my opinion the defendant has been deprived of his most basic right in a criminal prosecution—the right to prepared counsel in the actual trial of the case.

I am authorized to state that Presiding Judge Jordan and Judges Eberhardt and Deen concur in this dissent.