**STATE OF GEORGIA**

v.

**T. A. McLENDON.**

**Crim. A. No. 5440.**

United States District Court,
S. D. Georgia,
Augusta Division.

Sept. 16, 1971.

Maynard H. Jackson, P. Andrew Patterson, Jr., Atlanta, Ga., for petitioner.

Kenneth E. Goolsby, Dist. Atty., Thomson, Ga., for respondent.

## ORDER OF REMAND

LAWRENCE, Chief Judge.

On July 6, 1971, I granted Mr. McLendon's petition for writ of habeas corpus on the ground that he was denied his Sixth Amendment right to effective counsel at his trial for forgery in the Superior Court of Wilkes County in that his attorney was not afforded adequate time to prepare a defense. I ordered Petitioner's discharge if he was not brought to trial within ninety days. He had served about one-half of his two year sentence following his conviction and affirmance thereof by the Court of Appeals of Georgia. McLendon v. State, 123 Ga.App. 290, 180 S.E.2d 567.

On August 2, 1971, McLendon filed a petition for removal of the case to this

Court under 28 U.S.C.A. § 1443.[1] Petitioner who is a Negro mortician in Washington, Georgia, alleges that the prosecution of the forgery charge is part of a pattern of harassment and intimidation and of a conspiracy to deprive him of his equal rights under the Constitution of the United States. He claims that his activities in working on behalf of black people for equal protection has created animosities which preclude a fair trial. Petitioner further asserts that the initiators of the forgery prosecution were motivated by the desire to perpetuate white supremacy and to suppress the right of blacks to vote and peaceably assemble. There is also an allusion in the petition to State prosecutions in 1970 for traffic violations and for obstructing an officer. Those criminal proceedings were removed to this Court.

Petitioner seeks to protect rights enumerated in 42 U.S.C.A. § 1971 (voting) and his equal right to that of white citizens to contract under 42 U.S.C.A. § 1981.

▇ The record in the habeas corpus proceeding is before me. The petition for removal is obviously an afterthought. Counsel who represented McLendon in the forgery prosecution are well versed in civil rights law. They raised no such question prior to the trial. The crime of forgery for which Petitioner was and is being prosecuted in the State court has no connection with the exercise of any constitutional right. Incidentally, as far as I can make out, the alleged forgery by defendant of signatures to promissory notes and to a deed to secure debt purported to be the signatures of his Negro clientele.

City of Greenwood v. Peacock et al., 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, makes plain that there is no right to remove this case under § 1443. There, as here, the defendants claimed that they had sought to exercise civil rights as protected by §§ 1971 and 1981. The Supreme Court held that these sections confer no absolute and specific right to civil rights advocates to "obstruct a public street, to contribute to the delinquency of a minor * * * or to bite a policeman." (p. 826f, 86 S.Ct. p. 1812). In other words, nobody, whatever his color, has a constitutional right to commit a forgery. The Court ruled that subsection 1 of § 1443 permits removal only in the rare situation of the operation of an explicit state law under circumstances where it is predictable that federal rights will be inevitably denied by the very act of bringing the defendant to trial in the state court. The removal statute in civil rights cases does not work a wholesale dislocation of the historic relation between state and federal courts in the administration of criminal law. Subsection (2) of § 1443 applies only to federal officers, and persons assisting them, in performing duties under a federal law providing for civil rights. *City of Greenwood, supra.*[2]

▇ "Even if the petitioner's arrest was carried out as a harassing tactic in furtherance of a policy of discrimination, that fact does not entitle petitioner to remove because such practices are not only not required by state law but indeed would be gross violations of

1. "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

2. For current applications of City of Greenwood see Hill v. Commonwealth of Pennsylvania, 3 Cir., 439 F.2d 1016 and Turco v. State of Maryland, D.C., 324 F.Supp. 61.

that law." City of Clarksdale v. Gertge, D.C., 237 F.Supp. 213, 219. It is not shown that McLendon was arrested and tried as a result of attempting to exercise any civil right through the alleged forgery. Therefore, under *City of Greenwood* remand is proper. See Orange v. State of Alabama, 5 Cir., 386 F. 2d 829. Apprehension by a defendant that he cannot obtain justice in a state court is not a basis for removing litigation pursuant to § 1443. Thompson v. Brown, 5 Cir., 434 F.2d 1092. Nor is local prejudice against a defendant in the state courts an adequate ground therefor. City of Clarksdale v. Gertge, *supra*.

For the foregoing reasons, the petition to remove is denied and the case remanded to the Superior Court of Wilkes County. Since Petitioner's attempted removal of the case prevented a trial of defendant in August, the time for retrial of the indictment by the State of Georgia is extended to and including November 1, 1971.