56415. HILL et al. v. JACKSON.

SMITH, Judge.

Hill and Dunson, appellants, contend the trial court erred in denying their "motion to strike the default from the trial docket and all other court documents." We affirm.

Notwithstanding appellants' characterization of the factual posture of this case, the only evidence in the record as to what happened below is found in the trial court's statement of facts in its order overruling the motion. When the case was called for trial, neither the appellants nor their attorney was present, although the case was set down on the trial calendar and they were notified. An

individual identified as a paralegal assistant for the attorney did appear,[1] to state that the attorney was ill; however, the showing required by Code § 81-1413 (continuance based on attorney's illness) was not made. Nor is there any indication of any showing made under Code § 81-1412 (continuance based on absence of party). The case was tried before a jury, and verdict and judgment were rendered in the amount prayed for. Under the above circumstances, the trial court's denial of the motion for continuance was unquestionably within its discretion. *McLendon v. State,* 123 Ga. App. 290 (2) (180 SE2d 567) (1971). It was then proper to submit the case to trial, and the judgment rendered has not been attacked on any valid grounds.

Whether the trial court erred in allegedly marking the case "in default" and in refusing to strike such notation is not properly before us, there being no evidence of such action in the record.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 5, 1978 — REHEARING DENIED OCTOBER 25, 1978 —

▮

*Paul T. Robinson, Henrietta Turnquest,* for appellants.

*James E. Weldon, H. J. Thomas, Jr.,* for appellee.

---

[1]The possible impropriety of this appearance is suggested in Advisory Opinion No. 21 of the State Disciplinary Board of the State Bar of Georgia: "It is the opinion of the Board that the following duties should not be delegated to paralegals: . . . (2) Any appearance as a lawyer at . . . calendar calls . . ." Georgia State Bar News, May, 1978, p. 6.